MARQUETTE GRANITE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*January 14—February 9, 1932.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondents Industrial Commission and E. R. Krentz there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the Industrial Commission, and *Lehner & Lehner* of Princeton for E. R. Krentz, and oral argument by *Herbert H. Naujoks,* assistant attorney general.

*Vincent F. McNamara* of Montello, for the respondent Montello Granite Company.

FRITZ, J. It is undisputed that the employee, E. R. Krentz, became disabled because of pneumonoconiosis and

pulmonary tuberculosis, occupational diseases due to the inhalation of silica dust while working as a stonecutter in the granite industry, commencing in 1907; that he worked for the Montello Granite Company for nineteen years until November 15, 1927, when, without being obliged to quit because of disability, he voluntarily took a vacation because he did not feel well; that after a month, and repeatedly thereafter, he wanted to return to that employment but was not taken back by his employer, whereupon he finally removed his tools; that he worked for the Marquette Granite Company from August 11, 1928, to December 22, 1928, when its plant shut down until January 14, 1929, whereupon he continued to work there until January 26, 1929; that on that day he became unable to work because of the condition of his lungs, due to the inhalation of silica dust; that he was able to return to his employment at the Marquette Granite Company on March 4, 1929, and worked there until March 23, 1929, when he again became unable to continue.

After hearing the evidence the Industrial Commission found "that the applicant first became disabled as a result of pneumonoconiosis and pulmonary tuberculosis while in the employ of the respondent Marquette Granite Company, on January 26, 1929, and was totally disabled" since that date, excepting "that he worked from March 4 to March 23, 1929." Plaintiffs contend that the evidence does not warrant the commission's finding that disability first occurred on January 26, 1929; that the commission should have determined the date of the first disability, and whether there had been a recovery from the disease which caused that disability before Krentz ever entered the employment of the Marquette Granite Company, or whether the ultimate disability was but a mere recurrence, and not because of a new onset of the disease which had caused the first disability; and that the trial court erred in not remanding the record to

the commission to determine those issues, or in not holding that under the evidence the commission could not find that there had been a recovery from the disease which had caused the first disability, and that therefore the Marquette Granite Company, as the last employer, was entitled to judgment that it was not liable.

Plaintiffs' contentions as to the alleged errors on the part of the Industrial Commission and of the trial court are largely based upon and prompted by the decisions in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772, and *Outboard Motor Co. v. Industrial Comm.* 206 Wis. 131, 239 N. W. 141, as to the issues and the procedure in compensation cases involving occupational diseases which resulted in ultimate disability, after exposure during successive employments.

The decision in the *Zurich Gen. Acc. & L. Ins. Co. Case* was filed on December 9, 1930. Consequently, when the commission filed its findings herein on January 9, 1931, it was undoubtedly well aware of the importance and necessity of determining when the disability, which constituted the end result, first occurred; and that if it found that there had been disability which was but partial, and that there had been a recovery and a subsequent disability with subsequent exposure, that then it was necessary to determine whether the subsequent disability arose from a recurrence, or was due to a new onset induced by a subsequent exposure. However, when the commission, with the rules and principles applicable well in mind, determined unequivocally that the applicant first became disabled by the occupational disease while employed by the Marquette Granite Company on January 26, 1929, and was totally disabled ever since that date, with exception only that he worked for that same employer from March 4 to March 23, 1929, there was no occasion for further inquiry or findings in relation to the matters of pos-

sible recovery, mere recurrence of disability, or a new onset of the disease, etc., which are referred to in the *Zurich Gen. Acc. & L. Ins. Co.* and the *Outboard Motor Co. Cases;* and likewise, on review of the record in the circuit court, there was no occasion for remanding the record to the commission for findings as to those issues, unless the commission's finding that the disability first occurred on January 26, 1929, is without credible evidence to support it. If there is any credible evidence to support a finding of the commission, it cannot be disregarded by the court even though the finding is against the great weight or preponderance of the evidence. *Tesch v. Industrial Comm.* 200 Wis. 616, 619, 229 N. W. 194; *Gerue v. Industrial Comm.* 205 Wis. 68, 236 N. W. 528. A review of the record discloses that the evidence fairly admits of the commission's findings. Thus there are the facts that, while at work for the Montello Granite Company, the applicant voluntarily requested a vacation in November, 1927; that he applied for reinstatement within a month, and several times thereafter during the successive months; that without any disability occurring, he worked for the Marquette Granite Company from August 11, 1928, until December 22, 1928 (when the entire plant shut down until January 14, 1929), and then again from the latter date until January 26, 1929, when, for the first time, he was unable to work, and actually quit for that reason.

On the other hand, there is the applicant's testimony that he did not feel well when he asked for a vacation in November, 1927; that his family physician testified in May, 1930, that the applicant had become practically disabled in November, 1927, from continuing his regular employment; and that several medical experts, who had not examined him until after September, 1929, or had made only X-ray examinations after September, 1929, testified that in their opinion the applicant was disabled in November, 1927, and the fact that he had worked for about three months, and again for six weeks,

subsequent to November, 1927, did not have any material effect upon his condition.

The facts and opinions thus proven, together with the other evidence before the commission, admitted of conflicting inferences, which it was the duty of the commission to consider, and its findings as to the ultimate facts cannot, under the circumstances, be disturbed. The unequivocal effect of its finding that disability first occurred on January 26, 1929, is not impaired or rendered doubtful by any other finding, because of which the record should be remanded as was done in *Outboard Motor Co. v. Industrial Comm., supra.* The award must be affirmed.

*By the Court.*—Judgment affirmed.