KIMLARK RUG CORPORATION and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*December 9, 1932—January 10, 1933.*

For the appellants there was a brief by *Drought & Drought* of Milwaukee, and oral argument by *Ralph J. Drought*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*L. M. Evert* of Marinette, for the respondent Winfred Stansfield.

*Ray C. Dempsey* of Oshkosh, for the respondent George Banta Publishing Company.

FAIRCHILD, J. There was no wage loss or disability while Stansfield continued working for appellant, nor for some time thereafter. The next working day after he severed this connection he engaged in work for another employer where he continued for several months. There is no question but that the dermatitis, from which respondent was suffering

at the time of the hearing before the Industrial Commission, resulted from exposure while in the employ of appellant. But because no loss of time or wages occurred while the relation of employer and employee existed between appellant and Stansfield, the workmen's compensation act does not provide for the exaction of compensation from his then employer. The statute with its limitations with respect to occupational disease has been before this court in the following cases: *Employers Mutual L. Ins. Co. v. McCormick*, 195 Wis. 410, 217 N. W. 738; *Falk Corporation v. Industrial Comm.* 202 Wis. 284, 232 N. W. 542; *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772; *Outboard Motor Co. v. Industrial Comm.* 206 Wis. 131, 239 N. W. 141; *Marquette Granite Co. v. Industrial Comm.* 207 Wis. 151, 240 N. W. 793; *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191; and because the statute bases the liability to pay compensation upon disability and not exposure, the rule is that the employee suffering from an occupational disease is entitled to be compensated if at the time of disability the relation of employer and employee existed. *Wisconsin Granite Co. v. Industrial Comm., supra.*

It was pointed out in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772, that under the law no provision is made for such a case as is now before us where the workman has been subjected to exposure but the disability does not occur while the relation of employer and employee exists between the workman and the concern in whose employ the exposure occurred. The statute as at present drawn does not aim at exposure but at disability. An accident which produces no disability is not compensable. Stansfield, while undoubtedly uncomfortable as a result of the infection, was not incapacitated and did not suffer any loss of earnings at any time while an

employee of appellant. No disability occurring during that time, the judgment of the circuit court must be reversed and the award of the commission vacated.

*By the Court.*—Judgment reversed, with instructions to enter judgment setting aside the award of the Industrial Commission and remanding the cause for such further proceedings as may be proper under the statute.