MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and others, imp., Respondents.

*February 10—March 7, 1933.*

For the appellant there was a brief by *Shaw, Muskat &* *Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Indemnity Insurance Company of North America there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

WICKHEM, J. The issue presented by this case is very narrow. There is no question as to the existence of occupational silicosis, nor can there be any doubt that this disease was wholly produced by exposure to dust in the plant of the defendant Kissel Motor Car Company. The sole question is whether there is any credible evidence from which the commission could find as a fact that a compensable disability occurred while the relation of employer and employee existed between Priesgen and the Kissel Motor Car Company. This court has held that the time of accident, within the meaning of the statute in cases of occupational disease, is the time when a compensable disability occurs. *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772; *Marquette Granite Co. v. Industrial Comm.* 207 Wis. 151, 240 N. W. 793; *Nordberg Mfg. Co. v. Industrial Comm.* 210 Wis. 398, 245 N. W. 680; *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191; *Kimlark Rug Corp. v. Industrial Comm.* 210 Wis. 319, 246 N. W. 424. In the latter case the court said, referring to the facts of that case:

"But because no loss of time or wages occurred while the relation of employer and employee existed between appellant and Stansfield, the workmen's compensation act does not provide for the exaction of compensation from his then employer. . . . Because the statute bases the liability to pay compensation upon disability and not exposure, the rule is that the employee suffering from an occupational disease is entitled to be compensated if at the time of disability the relation of employer and employee existed."

In the instant case the employee did not lose a single day of work while employed by the Kissel Motor Car Company, and his discharge on November 12th terminated the relationship of employer and employee, which must exist at the time a compensable disability occurs in order to award compensation.

This brings us to a consideration of the only evidence which is argued by the defendants to bring this case within the field of compensation. The applicant testified as. follows:

"Q. If it was November 12, 1929, when you were laid off, just tell us what your condition was at that time. A. That I could not work, out of wind and coughing. *I didn't stop work because I could not, but there was no work.* I don't think I would have gone on working for the Kissel Motor Car Company because I knew I was gone too far.

"Q. Well, were you considering quitting just at the time they laid you off? A. Yes.

"Q. But you didn't tell them anything about laying off, though? A. No, sir. . . ."

"Q. Had you had to lay off work at all before November 12, 1929, on account of the condition you were in; had you lost any days before November 12, 1929, when you stopped work for the Kissel Company? A. No; I was laid off and didn't have any work."

We find in this testimony no evidence that a compensable disability existed on November 12th, and no possibility of granting compensation in this case consistently with the law governing occupational diseases, which has been heretofore established and adhered to. In *Nordberg Mfg. Co. v. Industrial Comm., supra,* attention was again called to the fact that "the right of an employee to compensation for an occupational disease hangs by a slender thread, in view of the very cursory statutory provisions upon which that right must rest." It was pointed out that "no little judicial ingenuity to save the right in many cases where the legislature seemed to intend compensation to be paid" had been ·

required. The court, speaking through Mr. Justice OWEN, said:

"It is realized full well here that most any time judicial ingenuity will be baffled, and there may come a time when a worthy employee must go uncompensated because of the failure of the legislature to grapple with the subject in a specific and definite way."

The prediction has become a reality in this case. There having been no compensable disability during the period of employment, we come regretfully to the conclusion that the judgment of the circuit court must be reversed and the award of the commission vacated.

*By the Court.*—Judgment reversed, with directions to enter judgment setting aside the award of the Industrial Commission, and remanding the cause for such further proceedings as may be proper under the statute.