MONTELLO GRANITE COMPANY, Appellant, vs. INDUSTRIAL
COMMISSION and another, Respondents.

*April 15—June 29, 1933.*

For the appellant there were briefs by *Vincent McNamara* of Montello and *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Mr. Harold M. Wilkie* and *Mr. McNamara.*

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and *K. J. Callahan* of Montello, attorney for William Campion, and oral argument by *Mr. Levitan* and *Mr. Callahan.*

A brief on the motion for a rehearing was also filed by *Miller, Mack & Fairchild* of Milwaukee as *amicus curiæ.*

The following opinion was filed May 9, 1933:

ROSENBERRY, C. J.   The principal argument made upon the hearing in this court was directed to the unconstitutionality of ch. 87 of the Laws of 1931.   Plaintiff, however, argues that under the workmen's compensation act as it stood at the

time the claimant suffered a disability, three factors must concur in order to fix liability upon the plaintiff: (1st) causation; (2d) disability; and (3d) party subject to the act. This was true as the act stood at the time the claimant sustained his disability.

Ch. 403 of the Laws of 1931, published July 7, 1931, was a revision of the workmen's compensation act. By that act, sec. 102.03 (3) was repealed. Sub. (3) provided one of the conditions of liability to be "where the injury is proximately caused by accident, and is not intentionally self-inflicted," so that as the act now stands, causation is no longer a necessary factor in liability under the act. The act as it now stands is practically a health, accident, and life indemnity for employees. Causation, by repeated decisions of the court under the law as it stood prior to the revision, has been held to apply to occupational disease as well as accident for the reason that under the act as it stood prior to the revision occupational disease bore the same relation to other provisions of the act as did accident. *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772. There is no showing that the exposure of the claimant to dust was continued during the two days of his employment subsequent to the time when the act took effect. There was therefore no element of causation. As already stated, the medical testimony indicates that claimant's disability was complete in the medical sense at least six months or more prior to the date when he actually quit work, that is, no exposure subsequent to that time would have added anything to the end result. He failed to return to work on May 10th because he came down with an attack of grippe or influenza. Assuming that the compulsory feature of the act is valid, the award of the commission should have been set aside for the reason that the end result was not caused in whole or in part or contributed to by any exposure to

which the claimant was subjected after the act became applicable to the plaintiff.

In view of the importance of the matter, we deem it our duty to call attention to the fact that the case was argued here as if causation was still a factor of liability under the workmen's compensation act. It may well be that there are wide differences in the application of constitutional principles to a compulsory act which is in some way related to the hazards of an occupation and to a compulsory act which by its terms imposes liability upon an employer for disability suffered by an employee whether it bears any relation to his employment or not. We do not deem it necessary to cite and analyze cases for the reason that the principles upon which this decision rests are well understood and have been thoroughly discussed in recent prior decisions. *Outboard Motor Co. v. Industrial Comm.* 206 Wis. 131, 239 N. W. 141.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment setting aside the award of the Industrial Commission.

FRITZ, J., dissents.

The following memorandum was filed June 29, 1933:

PER CURIAM. Briefs have been filed upon motion for rehearing by counsel and attorneys *amicus curiæ* seeking a withdrawal or revision of the remarks made *arguendo* with respect to the effect of the amendment made by the legislature, ch. 403 of the Laws of 1931. What was said in this case and in *Milwaukee Electric R. & L. Co. v. Industrial Comm., ante,* p. 227, 247 N. W. 841, was said for the purpose of directing attention to what seems to the court to be a fundamental change in the law as it theretofore existed respecting liability for workmen's compensation. Both

the *Milwaukee Electric Railway & Light Company Case* and this case arose prior to the enactment of ch. 403; therefore the effect of that enactment cannot be adjudicated in this case. It was referred to as a makeweight in the *Milwaukee Electric Railway & Light Company Case* and referred to in this case because of the possible effect it might have if the constitutional questions sought to be raised were in fact raised so that the legislature might consider whether or not, in the light of the statements made by the court, the section in question should be restored.

Motion for rehearing denied, with $25 costs.