KANNENBERG GRANITE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 9—November 7, 1933.*

*L. A. Tarrell* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and for the Anderson Brothers & Johnson Company and Travelers Insurance Company by *Olin & Butler* of Madison, and oral argument by *Mr. Levitan* and *Mr. Byron H. Stebbins* of Madison.

OWEN, J. Sigurd Torve, who died on September 6, 1931, forty-five years of age, was a granite cutter during his lifetime. He died of pulmonary tuberculosis, a disease natural to and acquired by him as a result of such occupation.

For some years prior to July 24, 1930, he was employed by the defendants Anderson Brothers & Johnson Company, the proprietors of a granite-cutting institution. It appears that in June, 1930, the Anderson Brothers & Johnson Company procured a medical examination of their employees, to which Torve submitted. This examination disclosed an accumulation of silicosis in Torve's lungs. However, the affection had not yet reached the stage of tuberculosis. But he was advised that he should be careful and that a rest would be beneficial to him. On the 24th day of July, 1930, he informed the Anderson Brothers & Johnson Company that he was going up to his cottage to take a vacation. He spent the remainder of the year at his cottage in the northern part of the state, and in February or March of 1931 he applied to the Anderson Brothers & Johnson Company for re-employment. However, he was not put back to work, and on March 10, 1931, he found employment with the plaintiff, Kannenberg Granite Company, where he remained until May 15, 1931, at which time he ceased work and told his employer that he was going to take a vacation. He again repaired to his cottage in the north, and from that time on rapidly deteriorated in health. He had a hemorrhage of the lungs on July 18th and died from another hemorrhage

on September 6th. There seems to be no doubt that the immediate cause of his death was tuberculosis, induced by the dust which he inhaled through his years of work in the granite industry.

The defendant Lillian Torve, widow of deceased, made application for compensation insurance against Anderson Brothers & Johnson Company and Travelers Insurance Company, its insurance carrier. Subsequently thereto the Kannenberg Granite Company and Consolidated Indemnity Company, its insurance carrier, were made parties to the proceeding.

The commission found that Torve did not sustain any injury or contract any occupational disease which caused him any disability during his employment with the Anderson Brothers & Johnson Company; that he died as a result of exposure to stone dust, and that his employment with the Kannenberg Granite Company from March 10th to May 15th did contribute to a material extent to an already existing condition of silicosis which deceased had contracted during many years of employment as a stonecutter; that at the time the deceased left the employ of the Kannenberg Granite Company on May 15, 1931, there was no termination of the relationship of employer and employee between Kannenberg Granite Company and himself; that he was in the employ of the Kannenberg Granite Company at the time of his death, under the doctrine of *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191, and made its award in favor of the widow and against the Kannenberg Granite Company and its insurance carrier.

Upon this appeal it is contended that Torve was not an employee of the Kannenberg Granite Company at the time of his death, and that the finding of the Industrial Commission that his employment with the Kannenberg Company materially contributed to the conditions causing his death is unsupported by the evidence.

Torve entered the employ of the Kannenberg Granite Company March 10th and remained in its employ until May 15th, a period of a little over nine weeks. The testimony of the officers of the Kannenberg Granite Company (and that is the only testimony in the case upon that point) is to the effect that Torve's employment was of a temporary nature and was so understood by him. It was said in the case of *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, at p. 280 (242 N. W. 191):

"The relation (of employer and employee) once established should be presumed to continue until affirmative proof has been produced that it has been terminated. When the employee leaves work Saturday night with the intention of returning to work Monday morning, the relation continues. Similarly, if the work of the employer is suspended temporarily for repair of the plant, or any similar reason, the relation continues to exist in the absence of an affirmative termination thereof by one of the parties, where it is assumed and expected that the employee will return to work when the employer's work is resumed. In short, the status once established will be presumed to continue until terminated by the affirmative act of one of the parties."

In that case we were dealing with an employee who had been in the employ of the employer for a considerable length of time, and for such a length of time that he could be said to have become a part of the industrial unit. He came down with an occupational disease during the time when the operation of the plant had been suspended for repair. Under those circumstances we held that in the absence of an actual termination, the relation of employer and employee continued, so that it could be said that the injury causing death was sustained during the time that the relation of employer and employee existed.

The situation here is quite different. The employment was temporary in the first place, and continued for only a period during which the employee actually worked thirty-

seven and one-half days. We think this is materially different from the situation under consideration in the *Wisconsin Granite Company Case*. Here the employment was temporary and the employee had worked but a short time. He did not quit because of the suspension of operation, but quit of his own accord, with no understanding as to whether or when he would return. He had not worked a sufficient length of time to become a part of the industrial unit, and we are of the opinion that the finding that at the time of his death he was an employee of the Kannenberg Granite Company cannot be sustained.

However, we think the award may be sustained on another ground. It is perfectly clear from the record that when Torve took his vacation in 1930 he was seriously affected with silicosis, and that he took his vacation for the purpose of recuperating his health. From the testimony of his wife it appears very clearly that he declined in strength and health during the time he was working for the Kannenberg Granite Company. She testified that he left the Kannenberg Granite Company "because he was not able to continue to do the work. His health would not allow him. After he went up to his cottage he just laid around; no swimming, no fishing, and no work around the cottage. His health declined rapidly."

We therefore have a man who is concededly suffering from silicosis; who left his work in July to recover his health; who made no attempt to work until the following February or March; who entered the employ of the Kannenberg Company on March 10th; who continued at his work until May 15th, at which time he ceased for no reason other than his apparent incapacity to continue. He repairs to his cottage, where he indulges in none of the activities usually followed by him at that haven. His health deteriorates so rapidly that in July he has a hemorrhage of the lungs and

a second hemorrhage September 6th, resulting in his death. From a consideration of this situation we have no difficulty in concluding that Torve had a compensable injury at the time he left the employment of the Kannenberg Granite Company, and that his death was the result of that injury. He left because he was no longer able to work. He therefore sustained an injury within the meaning of the statutes relating to occupational diseases as construed by the prior decisions of this court. While he failed to give notice of the injury to the Kannenberg Granite Company, it is plain that there was no intention to mislead the employer and it was not misled thereby.

Had the Industrial Commission placed its award on this ground it could not be disturbed. However, it is a rule adopted by this court that "if the record discloses with reasonable and satisfactory certainty a preponderance of evidence in favor of the existence of the fact essential to support the judgment it may be found here accordingly and the litigation terminated the same as if there were a finding on the point by the trial court." *Bautz v. Adams,* 131 Wis. 152, at p. 160 (111 N. W. 69). In view of the record in this case, we have no hesitancy in making the finding which will support the award of the Industrial Commission. While the ruling stated has thus far been applied only to findings made or which should have been made by the trial court to support the judgment, we see no reason why it should not be extended to cover findings which might have been made by the Industrial Commission to support its award.

We have considered the assault made by the appellants upon the finding that the deceased's employment with the Kannenberg Granite Company did contribute to the end result as being unsupported by the evidence. It is realized that whether a short period of employment, at the end of a career in an occupation giving rise to industrial disease,

contributes to the end result, always presents a delicate question to the fact-finding body, and that a determination of that question cannot be arrived at with great assurance one way or another. *Outboard Motor Co. v. Industrial Comm.* 206 Wis. 131, 239 N. W. 141, and *Nordberg Mfg. Co. v. Industrial Comm.* 210 Wis. 398, 245 N. W. 680, are cases in which apparently opposite conclusions were arrived at by the Industrial Commission with reference to the effect of a short period of last employment. However, this question is one to be resolved by the Industrial Commission in the first instance, and its conclusion cannot be disturbed here if any evidence can be found in its support.

In this case Torve went on a rather prolonged vacation in July of 1930. He did this for the purpose of recuperating his health from the ravages of the industrial disease. He evidently considered that he made progress along this line, because in the winter of 1931 he applied for employment to both the Anderson Brothers Company and the Kannenberg Granite Company. Two officers of the Kannenberg Company testified that he looked well when he entered their employment and that he represented that he felt as though he was in good health. At the end of nine weeks he found that he could not continue in the work. These facts would seem to justify, or at least be some evidence to support, the finding of the Industrial Commission that his employment with the Kannenberg Company did contribute to the end result.

The further contention is made on the part of the appellants that, at any rate, his employment by the Kannenberg Granite Company resulted merely in a new onset rather than an original attack. However, it appears that he never had a compensable injury while working for the Anderson Brothers Company. The only compensable injury he sustained was while working for the Kannenberg Granite Company. Under such circumstances, the Anderson Brothers

Company cannot be held liable for death benefits. *Kimlark Rug Corp. v. Industrial Comm.* 210 Wis. 319, 246 N. W. 424; *Nordberg Mfg. Co. v. Industrial Comm.* 210 Wis. 398, 245 N. W. 680. Our conclusion is that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.