Michigan Quartz Silica Company and another, Appellants, vs. Industrial Commission and others, Respondents.

*January 12—February 6, 1934.*

290

For the appellants there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

WICKHEM, J.   The first contention of the plaintiffs is that the finding that Syring was an employee of the Silica Company from February 12, 1931, when he ceased work, until the time of his death on December 2, 1931, is not supported by the evidence.   Of the validity of this contention as applied to the entire period, there can be no reasonable question.   There is evidence that the plant was closed due to a breakdown of machinery; that the men, including Syring, were temporarily laid off, with the understanding that they would return when the plant started up.   The evidence is uncontradicted, however, that the foreman, in the meantime, received orders to replace Syring with a brother of one of the officers of the company, and that upon the opening up of the plant, Syring was definitely and finally dismissed from the service of the company.   There is no evidence to support a finding that Syring was in the employ of the company during the period intervening between the resumption of operations and his death.   It is equally clear that a finding that he was in the employ of plaintiff company until the resumption of operations is supported by the evidence, under the principles laid down in *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191.   This being true, there could be no award of compensation in this case unless Syring suffered a compensable loss during the course

of this employment, due to silicosis contracted or aggravated as a result of his employment by plaintiff Silica Company. *Kimlark Rug Corp. v. Industrial Comm.* 210 Wis. 319, 246 N. W. 424; *Massachusetts Bonding & Ins. Co. v. Industrial Comm.* 211 Wis. 52, 247 N. W. 343.

Since it is conceded that he suffered no compensable loss prior to February 12, 1931, there must be evidence to sustain a finding that he suffered such a disability during the period between February 12th and the time when work was resumed after the lay-off. The commission found that he was disabled on February 13, 1931, and so remained until he died. Hence the findings are broad enough to cover this period, and if the commission's findings are supported by any credible evidence they must be sustained.

The commission's findings are based on the testimony of three witnesses. The first was the widow of Syring, who stated that her husband quit work on February 12th, did not work thereafter, and that at the time he quit he was unable to work. One Gesch testified that Syring was entirely unable to work from February on. Dr. Banyai testified as an expert to his conclusions based on a post-mortem examination made in May, 1932, almost six months after Syring's death. On the basis of the post-mortem findings, Dr. Banyai testified that he did not think Syring was able to do any manual work in February, and that if Syring offered himself for work it was because he did not realize that he was disabled. He also testified that Syring was probably disabled in the last months of 1930, even though he worked.

There can be no doubt of the fact that Syring had silicosis in an advanced stage when he quit active work. His wife and Gesch testified positively that he could not have worked during February. The medical expert, who conducted a post-mortem, testified that he was in a very advanced stage of silicosis during the last months of 1930, and that he could not have worked in February. Other evidence was

introduced tending to prove that no disability occurred until August, 1930, and if the inquiry was whether the finding of the commission is contrary to the great weight and clear preponderance of the evidence, there would be serious doubt whether it could be sustained upon the whole record. It is our conclusion, however, that, in view of the evidence heretofore referred to, it cannot be said that the finding that deceased was disabled during the period of his employment is not sustained by credible evidence. *Nordberg Mfg. Co. v. Industrial Comm.* 210 Wis. 398, 245 N. W. 680; *Kannenberg Granite Co. v. Industrial Comm.* 212 Wis. 651, 250 N. W. 821. This conclusion takes the case out of the rule of *Kimlark Rug Corp. v. Industrial Comm., supra; Massachusetts Bonding & Ins. Co. v. Industrial Comm., supra.*

The next contention of the plaintiffs is that the failure to give notice to the employer, as found by the commission, is fatal to the claim. Sec. 102.12, Stats. 1929, provides:

"No claim to recover compensation . . . shall be maintained unless, within thirty days after the occurrence of the injury or within thirty days after the employee knew or ought to have known the nature of his disability and its relation to his employment, actual notice was received by the employer or by any officer, manager or designated representative of an employer. . . . Absence of notice shall not be a bar to recovery if it is found that there was no intention to mislead the employer, and that he was not in fact misled thereby."

The evidence applicable to this contention is virtually undisputed. Albert Rank, an employee of the company, informed the superintendent of the Silica Company of Syring's death upon the day it occurred. The secretary of the company knew of Syring's death a day or two thereafter. Neither the superintendent nor any of the officers of the company knew of his illness until after his death, and there was no notice that compensation was claimed until several months after his death, in March, 1932. The finding

of the commission that no notice was given in satisfaction of the requirements of the statute must be held to be supported, and the sole question is whether there was any intention to mislead the employer, and whether the employer was in fact misled. There appears to be no evidence that there was any intention to mislead the employer, and the finding of the commission on that score is clearly sustainable. The burden was upon the employer to show that it was misled by the absence of notice. *A. D. Thomson & Co. v. Industrial Comm.* 194 Wis. 600, 217 N. W. 327. It is claimed by plaintiffs that the finding that the employer was not misled is not supported by the evidence. In view of the fact that the burden of proof is upon the company, an affirmative showing of prejudice to the company was required. The employer had the burden of proving that it had been misled, by evidence which the commission was bound to accept as true. The basis for the plaintiff's claim is that Dr. Carthouse treated Syring for bronchitis from August, 1930, until April, 1931, but that he was away from May to August, 1931, and did not see Syring during that time, and that as a result Syring had no medical attention during that period. Dr. Carthouse considered that Syring was first disabled on account of silicosis in August, 1931. From this it is contended that as early as September, 1931, Syring knew or should have known the nature of his disability and its relation to his employment, and that the failure to give seasonable notice disabled the Silica Company from furnishing proper medical attention. We discover no evidence from which the commission was bound to conclude that Syring, prior to his death, knew or should have known the nature of his disability and its relation to his employment, or that the employer could have provided effective medical treatment had notice been given. This being true, plaintiffs' contention fails, under the plain provisions of the statute.

*By the Court.*—Judgment affirmed.