CHAIN BELT COMPANY and another, Appellants, vs. INDUS-
TRIAL COMMISSION and another, Respondents.

*December 6, 1935—January 7, 1936.*

For the appellants there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Borkowski there were briefs by *E. J. Herte* of Milwaukee.

NELSON, J.   It is undisputed that from 1924 to July 31, 1932, the applicant was in the employ of Chain Belt Company; that during that time he was exposed to the inhalation of silica dust; that he was discharged or let out on July 31, 1932, along with a number of other employees, because of a scarcity of work; that at that time he was afflicted with silicosis and was medically disabled.   He was at that time about sixty years of age.

The applicable statutes are sec. 102.01 (2) and sec. 102.03 (1), Stats. 1931.   Such parts of those statutes as require consideration are as follows:

"102.01 (2) . . . 'Time of injury,' . . . is . . . the date when the disability from the occupational disease first occurs."

"102.03   *Conditions of disability.*   (1) Liability for compensation shall exist against an employer for any disability sustained by his employee, and for his death, in cases where the following conditions of compensation concur:

"(a)  Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.

"(b)  Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment."

That the applicant sustained a medical disability while in the employ of Chain Belt Company is conceded, but medical disability does not, in the absence of an actual wage loss, entitle one to compensation.   It has been held over and over again that until there is an actual wage loss caused by occupational disease, there can exist no compensable disability under the Workmen's Compensation Act.   *Employers Mut. L. Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738; *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772; *Montello Granite Co. v. Indus-*

*trial Comm.* 212 Wis. 243, 248 N. W. 427, 249 N. W. 516; *Michigan Quartz Silica Co. v. Industrial Comm.* 214 Wis. 289, 252 N. W. 682; *North End Foundry Co. v. Industrial Comm.* 217 Wis. 363, 258 N. W. 439.

What meaning or construction should be given to the word "disability," in cases involving occupational diseases, presented a difficult question. We considerately adopted a construction which, in our opinion, would best subserve the interests of the overwhelming majority of those who are likely to suffer disability as a result of occupational disease while fully appreciating that exceptional cases would arise which would be unprovided for. *North End Foundry Co. v. Industrial Comm., supra.*

The examiner found that the applicant did not become disabled from work because of his silicosis until after the termination of his employment. The commission found that the applicant had been disabled to the extent of seventy-five per cent since July 31, 1932, but it did not find that he had sustained a disability, as that term has been defined by this court, prior to July 31, 1932, while he was performing service growing out of and incidental to his employment. In other words, the commission did not find that the applicant suffered a wage loss prior to July 31, 1932, when he and others were let out by the Chain Belt Company because of a scarcity of work. It is apparent that the commission has again attempted to ground its award upon medical disability rather than disability as defined by this court. Under the law as it existed in 1932, the applicant was not entitled to compensation in the absence of disability, *i. e.,* compensable disability, in other words, a wage loss.

The circuit court was of the opinion that the award of the commission could be sustained by certain testimony of the applicant to the effect that for more than two years immediately prior to the time of his discharge he could not do

more than one half as much work as other employees work-
ing with him, and that during that time he was troubled with
coughing, shortness of breath, and pains in his chest. As to
that testimony, it is sufficient to say that it was not con-
sidered of controlling effect by the commission in making
its award. The chief examiner found that the applicant was
not disabled for work because of silicosis and did not become
disabled until after the termination of his employment.
While the commission set aside the findings and order of its
chief examiner, and thereafter awarded compensation to the
applicant, it did so, not upon the theory that he had sustained
a wage loss or compensable disability during the time that he
was so employed, or that he was compelled to quit work
because of any disability. *Kannenberg Granite Co. v. In-
dustrial Comm.* 212 Wis. 651, 250 N. W. 821, and *Michigan
Quartz Silica Co. v. Industrial Comm., supra.* Although the
applicant was working on piecework during those years, no
serious attempt was made to show that he had actually sus-
tained a wage loss resulting from his inability to perform his
work because of occupational disease. He testified that he
lost no time because of sickness during 1931 and 1932, al-
though he had not been feeling well for six or seven years;
that once in 1929 he had asked his foreman for lighter work,.
but that his request had been ignored. He further testified
that during the years 1929 to 1932 he had not consulted a
doctor; that he had always been able to work when there was
work; that he had never complained to his employer, to any
of his superiors, or to the company nurse, that he was sick.
It quite clearly appears that certain general and sweeping
assertions of the applicant, uncorroborated by testimony
showing an actual loss of wages sustained by him as a result
of silicosis, were not considered sufficiently credible upon
which to base an award. It further appears without dispute
that every little while after he was let out he came back to

the Chain Belt Company and asked for employment, and that at no time after July 31, 1932, and prior to making application for compensation, did he tell anyone connected with the company that he was sick. Had the commission based its award upon a disability that existed prior to July 31, 1932, not upon a medical disability that existed after July 31, 1932, we would have an entirely different question before us.

This court has often directed the attention of the legislature to certain shortcomings of the Workmen's Compensation Act with respect to occupational diseases, but for some reason or other the legislature seems loath to adopt an act similar to the English act under which employees are permitted to recover compensation for occupational diseases even though they have sustained no disability as defined by this court while the status of employer and employee existed. This court may not permit a recovery of compensation unless a claimant brings himself within the law.

*By the Court.*—Judgment reversed, and cause remanded with directions to the circuit court for Dane county to set aside the award of the Industrial Commission and to dismiss the application.