Michigan Quartz Silica Company and others, Appellants, vs. Industrial Commission and others, Respondents.

*February 9—March 6, 1934.*

For the appellants there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Employers Mutual Liability Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, and oral argument by *Kenneth P. Grubb,* all of Milwaukee:

*Joseph A. Padway* of Milwaukee, for the respondent Wendt.

A brief was also filed by *Joseph A. Padway* of Milwaukee, as *amicus curiæ.*

ROSENBERRY, C. J. The Industrial Commission, because of "unintentional deviation" from the rule laid down here, fixed the period of the time of accident as a period at least six months prior to June 9, 1932. In this case it is to be noted that the period of employment was continuous and that the legal relation of the claimant Wendt to his employers underwent no change prior to the time he quit work on June 9, 1932, because of his disability. It is quite probable that except for the fact that a new insurance carrier went upon the risk on May 18, 1932, no controversy would have arisen. However, because of this controversy an attempt is made to reargue the matters determined in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N.W. 772, and to make such an application of the rule covering occupational disease cases as would deny the claimant compensation in any event. It was there held that the time of accident in occupational disease cases should be the time when disability first occurs; that the employer in whose employment the injured workman is and the insurance carrier at that time are liable for the total consequences due thereto. The disability referred to under the statute is a disability which results in wage loss to the employee. *Employers Mut. L. Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738. It should be noted in these cases that the time when the insurance carrier goes upon the risk has nothing to do with the determination respecting the liability of

the employer to the employee. While it may be true that the employee had tuberculosis many months prior to June 9, 1932, the day on which he ceased work, there is no evidence that he suffered any wage loss prior to that date. On that day he was compelled to abandon his work. Nor is there any change in the relationship between the employers and the employee. They were joint employers and are jointly liable upon whatever basis they may have fixed as between themselves.

This is not comparable to the case of *Murphy Supply Co. v. Industrial Comm.* 206 Wis. 210, 239 N. W. 420. In that case there was an industrial accident within the ordinary meaning of that term, that is, the claimant fell into an opening in the floor and sustained injuries and subsequent disability. Here there was no attempt to apportion the liability as between employers. It is claimed that neither employer is liable but that if either is, the liability relates to a time prior to the time when the Employers Mutual Liability Insurance Company went upon the risk. The court has laid down in a number of cases as plainly as it is possible to state it in the English language and has many times restated that it would consider the time of the accident the time when the workman suffers a compensable injury,—in other words, a wage loss. That time according to the undisputed testimony here was June 9, 1932. As was pointed out in *Employers Mut. L. Ins. Co. v. McCormick, supra,* the rule is arbitrary and may in individual cases work an injustice, but the law of averages will tend to equalize the burdens imposed by the act upon insurance carriers as well as upon employers.

*By the Court.*—Judgment of the circuit court is reversed, with directions to enter judgment as indicated in this opinion; the Travelers Insurance Company to have costs against the Employers Mutual Liability Insurance Company.