MODERN EQUIPMENT COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*September 14—October 16, 1945.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*L. A. Tarrell* of Milwaukee, for the respondent Elsie Goldberg.

FAIRCHILD, J. The payment to an injured employee of money as a gratuity by an employer during the period of temporary disability does not relieve the insurance carrier from its obligation to meet the indemnity provided by statute. Liability under the compensation act is for wage loss. And an employer or his insurance carrier is not relieved from liability where the employer has made gifts or donations to an injured employee.

In such cases as *Massachusetts Bonding & Ins. Co. v. Industrial Comm.* (1933) 211 Wis. 52, 247 N. W. 343; *Michigan Quartz Silica Co. v. Industrial Comm.* (1934) 214 Wis. 492, 253 N. W. 167; *Chain Belt Co. v. Industrial Comm.* (1936) 220 Wis. 116, 264 N. W. 502, the employees remained on their job and received their regular wages. In those cases no wage loss was sustained. But sub. (1) of sec. 102.30, Stats., provides that "liability for compensation shall not be reduced or affected by any insurance, contribution or other benefit whatsoever, due to or received by the person entitled to such compensation. . . ." A donation or gift, no matter by whom made, does not absolve the employer or his carrier from liability for indemnity for wage loss.

Thus, the only question is whether there is in the record any credible evidence to sustain the commission's finding that the sum in question was a donation. It is not outside the range of probabilities that a grateful employer, especially when the ties of brotherhood are present, will do what the employer here claims to have done. It is for the commission to weigh the evidence and determine its credibility. *Hackley-Phelps-Bonnell Co. v. Cooley* (1921), 173 Wis. 128, 179 N. W. 590.

Weekly payments were made from November 2, 1940, to June 27, 1942, of $52.50 (which corresponds in amount to what would have been paid him as salary) for some of the weeks and $75 for the last few weeks. There were also some weeks when no payments were made at all. The general manager and president of the company, Max Goldberg, brother

of the deceased, testified that he never instructed his brother to go back to work; that such payments were donations and not salary; that after his injury the deceased came to work whenever he pleased, sometimes in the morning, sometimes in the afternoon; that there were no restrictions on him; that the doctor had advised him to let the deceased do some work; that it was in the nature of a hobby. He also testified that his brother was very close to him and that he paid the amount in question to him in order to give his family a living for all the work that the deceased had done for him before his injury. If the commission gave credence to this testimony, it is sufficient to sustain the finding. Evidence that the moneys paid were listed as salary on the company's income tax return and that deceased did in fact do some work at the plant, while they are circumstances which may tend to impeach Max Goldberg's testimony, do not justify holding that the finding of the commission is not based on some credible evidence.

*By the Court.*—Judgment affirmed.

BARLOW, J., dissents.