73 So.2d 51 (1954)
DAOUD et al.
v.
MATZ.
Supreme Court of Florida. Division A.
June 4, 1954.
*52 Danton & Lazar and Hubbard & Everett, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham and M. Dudley Burton, Miami, and Rodney Durrance, Tallahassee, for appellee.
SEBRING, Justice.
This proceeding involves a controversy between an employee and his employer, under the Workmen's Compensation Law, F.S.A. § 440.01 et seq., regarding the extent to which payments made in advance of a compensation award should be credited on the award.
The record reflects that on August 25, 1953, the employee Matz, in a proceeding before a deputy commissioner of the Florida Industrial Commission, received an award for injuries sustained on January 6, 1953, while in the employment of George J. Daoud and Maud Daoud, doing business as Daoud Brothers. This award consisted of three items, namely: compensation payments for disability from the date of the accident; medical expenses incurred in connection therewith; and attorney's fees in the sum of $1,500. No appeal from this award was taken by the employer to the Florida Industrial Commission.
On October 9, 1953, the employee Matz filed in the Circuit Court of Dade County, pursuant to section 7, Chapter 28241, Laws of Florida 1953, F.S.A. § 440.24, a motion which averred that the award of the deputy commissioner had become final on September 15, 1953, that no payments had been made thereon by the employer, and that the employer was in default by reason thereof. Based upon this motion, the circuit court issued a rule directed to the employer to show cause on October 22, 1953, why a writ of execution should not be entered to enforce the terms of said award.
The employer made no return to the order to show cause and, consequently, on October 28, 1953, the circuit court entered a judgment against the employer that the employee do have and recover of and from the employer "(1) Workmen's Compensation at the rate of $35.00 weekly commencing January 6, 1953, less the 4-day waiting period, to date in the amount of $1,435.00, (2) Medical expenditures in the amount of $12,625.07, (3) Attorney's fees in the amount of $1,500.00. The total amount *53 being $15,560.07, for which let execution issue. * * *"
Subsequently, on December 11, 1953, the employer filed a sworn "Petition to Satisfy Judgment and For other Relief" in which it was alleged "* * * that since the time of the accident, by reason of which said claim was filed * * * which resulted in the award * * * and which subsequently became a judgment * * * Petitioner has paid to said Employee on account of said award in said judgment the aggregate sum of * * * $5,972.65. * * * that all of said payments [which were made after the accident but prior to the entry of the award] * * * were made on account of said award to apply on account thereof and, therefore, to apply on account of the judgment entered. * * that said Employer is now able and ready to pay the balance of said judgment in the aggregate sum of * * * $9,587.42, together with $12.50 filing costs pertaining to said judgment, and herewith tenders the amount of said balance. All for the purpose of satisfying said award and judgment in full."
The matter came on for hearing on the sworn petition on December 22, 1953, at which time, without the taking of testimony, the circuit court denied the petition, but ordered "that the judgment heretofore entered herein be and the same may be reduced in amount to the extent of * * * $630.00, being * * * 18 weeks compensation at * * * $35.00 per week, which sum was heretofore paid by the said employer."
The employer, on December 22, 1953, took an appeal to this Court from this order.
After the appeal was taken the employee, on December 31, 1953, filed a "Motion For Order to Show Cause" in the Circuit Court of Dade County in which he alleged that in the compensation award entered by the deputy commissioner on August 25, 1953, it was ordered that the employer should "Provide such surety as may be required by Chapter 440.20(9), F.S.A., to the Treasurer of the State of Florida to assure the payment of such further compensation and medical benefits as the same arise;" that the employer had failed to comply with said order; and that a rule should be directed to the employer to show cause "why a writ of execution, or such other process as may be necessary to enforce the terms of the final compensation order * * * should not issue. * * *"
The cause came on for hearing before the circuit court on February 15, 1954, at which time the court entered an order that the employee Matz do have and recover of and from the employer "(1) Workmen's Compensation from October 28, 1953 [this date being the date of the entry of the order on the first motion for rule to show cause] to January 10, 1954, in the amount of $370.00; (2) Compensation of 15 per cent permanent partial of the left arm and 20 per cent permanent partial of the body as a whole, being 100 weeks at $35.00 or $3,500.00; (3) Medical, hospital and doctors' bills to date in the sum of $1,973.33; (4) Attorney's fees to date * * * in the amount of $700.00. The total amount being $6,543.33, for which let execution issue."
On February 22, 1954, the employer took an appeal to this Court from this order.
After the second appeal had been taken, the parties stipulated that the appeals should be consolidated for disposition; and on April 12, 1954, a motion to dismiss both appeals was disposed of by an order of this Court providing that "it appears to the Court that the orders or decrees complained of cannot be properly reviewed by appeal but may be reviewed by Petition for Writ of Certiorari," and further providing "that the notices of appeal heretofore filed herein be treated as a Certiorari proceeding and allowed to proceed accordingly."
The matter is now before the Court for final disposition as a certiorari proceeding. Section 59.45, Florida Statutes 1953, F.S.A.
As to the order of February 15, 1954, brought here for review by the second appeal, we have the view that, so far as shown by the record, the circuit court did not violate any "essential requirement *54 of law" in its entry. But apart from this conclusion, it appears to us that any objections to its entry have been abandoned by the employer by reason of the fact that, although the parties have stipulated to a consolidation of the causes, the briefs lodged in this Court cover only the issues involved in the first appeal addressed to the order of December 22, 1954, which denied the employer's petition to have credited on the compensation award entered by the deputy commissioner the payments made by the employer to the employee prior to the entry of the award. Consequently, certiorari should be and the same is hereby denied as to the order of the circuit court dated February 15, 1954, and consideration should be given only to the employer's contentions relative to the propriety of the order of December 22, 1953.
The order that was brought here for review by the appeal of December 22, 1953, was, as we have indicated, supplemental to a judgment entered on October 28, 1953, in the amount of $15,560.07, representing forty-one weeks' compensation at the rate of $35 per week, totaling $1,435, together with $12,625.07 for medical expenditures. The employer alleged in its sworn petition filed December 11, 1953, that from the date of the accident through May 9, 1953, a period of nineteen weeks, it had paid to the claimant employee the sum of $314.35 each week "on account of said award to apply on account thereof and, therefore, to apply on account of the judgment * *." The employer claimed a credit of $5,972.65, the sum of monies so paid, against the award and judgment, and tendered the balance of $9,587.42 and costs with its petition.
The employee did not controvert the allegations that the sums specified were in fact paid him, but contends that as a matter of law they must be considered as gratuities. Apparently he convinced the trial court of the soundness of his contention, at least in part, for the order of the trial court was "that said petition be and the same is hereby denied," but "that the judgment heretofore entered herein be * * * reduced in amount to the extent of * * * $630.00," representing maximum weekly compensation payments for each week of the 18-week period over which the employer's advance payments extended, less one payment made during the statutory 4-day waiting period after the date of injury. Section 440.12, Florida Statutes 1953, F.S.A.
As we view the effect of the circuit court's ruling, it was to refuse, as a matter of law, to allow application of the advance payments in satisfaction of the $35 a week compensation accruing from May 9, 1953 (the date upon which the employer made his last payment to the employee) through the date of the judgment of October 28, 1953, and to disallow any credit for previous payment of medical benefits adjudicated in the sum of $12,625.07.
Section 440.20(11), Florida Statutes 1953, F.S.A., provides that "If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due." Section 440.02(11), Florida Statutes 1953, F.S.A., defines "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this chapter." Although the language of section 440.20(11) has not been definitively construed by this Court, it is apparent from a careful analysis of the provision that the term "advance payments" could refer only to payments which by the terms of the Workmen's Compensation Act were not due or payable when made.
The limitation inherent in the above provision for reimbursement from "unpaid" installments of compensation is that an employee shall not be required to relinquish compensation installments paid over to him. This aspect of the statute has been implemented by an officially published administrative rule of the Industrial Commission (of which notice may be taken) which provides, in effect, that whenever the total payments made by an employer to an employee, prior to entry of an award for disability compensation and medical attendance, are in excess of the amount ultimately found to be due such employee, such excess shall be considered a gratuity. *55 Rule 9, Rules of Procedure of the Florida Industrial Commission. As is plain, Rule 9 does not purport to preclude reimbursement under section 440.20(11), Florida Statutes 1953, F.S.A., when, as in the present case, there are outstanding and unpaid installments of compensation due under the award.
The clear and literal meaning of section 440.20(11) is that so long as there are "unpaid * * * installments of compensation due", an employer may recoup by way of credit against such unpaid sums if he has made payments over and above those required under the terms of the workmen's compensation law. Such has been the interpretation of this identical provision in the federal Longshoremen's and Harbor Workers' Compensation Act, § 14(k), title 33 U.S.C.A § 914(k), enacted in 1927, upon which the Florida statute was apparently patterned. Under this act, it has been held, in a case dealing with a claim of credit on facts very similar to those involved in the case at bar, the decision in which, however, turned upon the failure of the carrier to show subrogation to the employer's rights with reference to the credit claimed, that where an employee was paid regular wages during a period of disability following injury, his employer "is `entitled to be reimbursed' for payments made in excess of compensation imposed". State Compensation Ins. Fund v. Pillsbury, D.C., 27 F. Supp. 852, 854. In construing the language of the Longshoremen's Act the court pointed out that "the provision is made so that solicitous employers shall not be mulcted because of humane consideration toward injured employees"; and that the "Act is * * * intended to afford quick monetary action to persons injured in the course of maritime employment * * * and * * * should be administered and interpreted so as to encourage employers to comply with all of its requirements with celerity and not to penalize those who humanely and more than sufficiently meet the demands of the law. But remedies and considerations that are provided for an employer do not necessarily inure to a third party insurance carrier." State Compensation Ins. Fund v. Pillsbury, supra. In respect to rights of carriers, compare Sweat v. Allen, 145 Fla. 733, 200 So. 348.
Of primary importance in this situation, where an employer has made payments to an employee prior to an award, is, we think, the question of whether such payments were intended to be in fulfillment of the legal obligation of the employer to pay compensation to a disabled employee or whether they were intended as gratuitous payments in addition to what might be ultimately found due under the law. In respect to credit for continuing payments in the nature of salary to a disabled employee, it has been said, and with this principle we agree, that "if he is paid his regular wage although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. An occasional court will say that such a payment is to be deemed a gratuity, but this, in the absence of special facts indicating a charitable motive is unrealistic." Larson's Workmen's Compensation Law, 1952, Vol. 2, section 57.42; Tulsa Rolling Mills Co. v. Krejci, 149 Okla. 103, 299 P. 225. See also Modern Equipment Co. v. Industrial Comm., 247 Wis. 517, 20 N.W.2d 121; Hartford Accident & Indemnity Co. v. Hay, 159 Tenn. 202, 17 S.W.2d 904.
In view of the conclusions reached as to the intendment of section 440.20(11), Florida Statutes 1953, F.S.A., it is apparent that the court below erred in ruling that as a matter of law no credit could be given for the monies received by the employee from his employer in this case prior to the entry of an award, without any determination of the factual issue raised by the employer's allegation in its sworn petition that "all of said payments of money made by your Petitioner as Employer to said Employee * * * were made on account of said award," or on account of the obligation adjudicated by the award. If in fact such was the character of the payments made, then clearly the employer is "entitled to be reimbursed out of any unpaid installment or installments of compensation due" under the award and judgment in question. *56 Section 440.20(11), supra. (Emphasis supplied.) And that provision is not by its terms made subject to the restrictions of section 440.12 of the compensation law, with reference to computation of allowable compensation.
The sworn petition filed by the employer on October 28, 1953, also presented a factual issue as to whether any portion of the monies paid to the employee prior to the entry of the compensation order by the deputy commissioner was intended to be applied, and was actually applied, in satisfaction of the employer's obligation to furnish medical benefits pursuant to section 440.13, Florida Statutes 1953, F.S.A. If any advancements were made and used for such purpose, it is plain that while such payments are "advance payments" in the sense that they are made before entry of a formal award determining total medical benefits allowable, they are not "payments which by the terms of the * * * Act were not due or payable when made," within the meaning of section 440.20(11), Florida Statutes 1953, as interpreted in this opinion. The employer's obligation is to furnish medical care "upon request" in any case of compensable injury, and such payments, if made as alleged, should be credited on the total medical award when finally determined, without reference to any provision for recoupment of "advance payments" as provided for in section 440.20 (11).
At any rate the factual issues should have been determined by the judge of the trial court, and when he failed to do so but, instead, entered an order without evidence on the issues a departure from the essential requirements of law resulted.
From the conclusion reached it follows that as to the order of October 28, 1953, the writ of certiorari should be granted and said order should be quashed with directions that the cause proceed below in conformance with the principles expressed in this opinion.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.