BARKDULL, Chief Judge.
Petitioners seek review of an order of the respondent permanently revoking the petitioners’ licenses, which they held pursuant to the provisions of Ch. 482, Fla.Stat., F.S.A. Petitioners urge 4 points for quashing of the respondent’s order of revocation, to-wit: that they were not accorded due process of law in that the hearing on the revocation was held ten (10) days after receipt of the charges; that the rules of the respondent had not been published in accordance with Ch. 120, Fla.Stat., F.S.A.; that the record lacked competent, substantial evidence to support the findings of fact and conclusions of the respondent and, further, *847 that the respondent erred in permanently revoking the petitioners’ licenses, in violation of the provisions of § 482.171, Fla.Stat.
An examination of the record discloses that the respondent duly served, by registered mail, a complaint against the petitioners charging violations of Ch. 482, Fla.Stat., F.S.A., with “reasonable notice of a hearing thereon”, which is all that is required by § 482.171(1), Fla.Stat., F.S.A. The petitioners have not pointed to any other section of the statutes or in this record to any rules of respondent which would have required a fixed amount of time prior to hearing. However, although not shown in the record, this court takes judicial notice [Daoud v. Matz, Fla.1954, 73 So.2d 51] of the 10 day rule of the respondent, which reads as follows:
“Notice of Hearing.-—There shall be reasonable notice of at least 10 days before a hearing on suspension or revocation of a license, certificate, Identification Card and/or Special Identification Card.”
Comparing the time that the notice of hearing was received [February 20, 1963] with the date of the hearing [March 2, 1963], discloses that the petitioners were given notice in accordance with the respondent’s rules, as the date of the receipt of the notice would be excluded in computing the 10 days but the date of the hearing would be included. See: 32 Fla.Jur., Time, § 9. Therefore, it is apparent, upon the court taking judicial notice of this rule, that the petitioners’ point in this regard is not well taken.
It appears that the rules of the respondent were, in fact, filed with the office of the Secretary of State and, therefore, there is no merit to the petitioners’ contention in this regard.
There is also substantial, competent evidence to support the findings of fact and conclusions reached by the respondent in the order of revocation. Therefore, same should be sustained. See: Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136; City of Miami v. Huttoe, Fla. 1949, 38 So.2d 819.
The respondent, through its counsel, has candidly conceded that it was without power to permanently revoke the petitioners’ licenses, issued pursuant to the authority of Ch. 482, Fla.Stat., F.S.A. and that, in fact, such revocation could not be for a period in excess of two (2) years. See: § 482.171, Fla.Stat., F.S.A.
Therefore, the petition for certiorari is denied as directed to the order of revocation, save and except so much of the order which permanently revoked petitioners’ licenses, and this portion of the order is hereby quashed with directions to permit licensees to apply for reinstatement subsequent to two (2) years from the date of the order of revocation.
Writ granted in part with directions, and denied in part.