199 So.2d 777 (1967)
Harry J. WILSON, Jr., Petitioner,
v.
PEST CONTROL COMMISSION OF FLORIDA, Respondent.
No. 1174.
District Court of Appeal of Florida. Fourth District.
May 24, 1967.
Rehearing Denied June 12, 1967.
*778 James A. Weck, of Weck Harper & Stone, Pompano Beach, for petitioner.
James O. Driscoll, of Driscoll Baugh & LaGrone, Orlando, for respondent.
CROSS, Judge.
Petitioner (Harry J. Wilson, Jr.) by petition for writ of certiorari seeks review of an order of the pest control commission refusing to renew a certificate certifying him as a pest control operator to engage in lawn and ornamental pest control.
Petitioner originally made application to the commission on August 9, 1965, for a certificate under the grandfather clause of the Pest Control Act, F.S.A. ch. 482.
On November 8, 1965, the commission conducted an informal hearing on the application before the issuance of the certificate and on November 18, 1965, issued the certificate. Thereafter, on January 14 and February 7, 1966, the commission by letter demanded the return of the certificate issued to the petitioner for cancellation. Petitioner refused to surrender his certificate and on June 20, 1966, the commission, in reply to petitioner's letter of June 9, 1966, advised the petitioner that renewal of his certificate on July 1, 1966, would be denied. The certificate *779 is issued for a one-year period and must be renewed July 1st of each year.
After refusing to renew petitioner's license the commission on August 18, 1966, mailed to the petitioner a notice setting forth a hearing to be held on August 26, 1966, and indicating therein its intent to stop renewal of petitioner's pest control certificate. On October 19, 1966, the commission entered an order denying renewal of petitioner's certificate.
The commission takes the position that the petitioner did not come within the purview of F.S.A. § 482.221(6) known as the grandfather clause which requires a person to be eligible for a certificate under the grandfather clause to have been actively operating a business engaged in lawn or ornamental pest control in the state on or before October 1, 1964, and for a period of six months preceding the effective date of the act, July 1, 1965.
The commission relies upon a sales agreement executed by the petitioner as seller to H.M. Mincey as purchaser bearing date April 30, 1965, purporting to sell the business on that date. The commission determined that, since the petitioner had sold the business, he was not actively engaged in lawn and ornamental pest control for a period of six months preceding the effective date of the Pest Control Act.
The commission further takes the position that the petitioner violated provisions of F.S.A. § 482.161(7)[1] by failing in his application to give the commission true information as to the sale of the business to H.M. Mincey on the 30th day of April, 1965, said information being essential to the administration of F.S.A. ch. 482.
A license of the type sought by petitioner is merely a privilege to do business and is not a contract between the authority granting it and the grantee nor is it a property right or a created vested right. Mayo v. Market Fruit Co. of Sanford, Fla. 1949, 40 So.2d 555. However, by reason of the nature of the license once issued it has the quality of property. State ex rel. Paoli v. Baldwin, 1947, 159 Fla. 165, 31 So.2d 627; House v. Cotton, Fla. 1951, 52 So.2d 340. One could justifiably expend considerable sums of money in reliance upon the right to continue to engage in a specific business. Penal sanctions should therefore be directed only towards those who by their conduct have forfeited their privilege, and such privilege should be denied only after due process of law in a full, open and fair hearing. The power to stop the renewal of licenses once issued and needed in order to engage in a specific business is indeed an ominous power and should be exercised with no less careful circumspection than the original issuance of the license.
The court is cognizant of the importance of the administrative processes. The administrative concept operating within its quasi-judicial sphere is a valuable and indeed indispensable adjunct of the governmental structure of our state. Many of our commissions are embodied with the far-reaching power and authority to affect the livelihood and well being of our citizens.
The quasi-judicial power to stop the renewal of certificates initially issued by the pest control commission was granted to the commission by the legislature when it promulgated F.S.A. § 482.161. F.S.A. ch. 482 however does not contain the procedure to be followed by the commission in stopping the renewal of the certificate.
To effectually establish the constitutionality of F.S.A. ch. 482 the legislature intended the pest control commission to be guided by F.S.A. ch. 120 commonly known as the Administrative Procedure Act.
*780 The Administrative Procedure Act is intended to afford due process to parties whose legal rights, duties, privileges or immunities may be determined by administrative action on agency level. Florida Peach Orchards, Inc. v. State, Fla.App. 1966, 190 So.2d 796.
It is obvious the intention of the legislature in promulgating F.S.A. §§ 120.22[2] and 120.23[3] was to guarantee to any party affected by agency action a hearing before any of the party's rights, privileges, or immunities were affected, not afterwards. Daniel Webster most aptly said "Due process of law means a law which hears before it condemns which proceeds upon inquiry and renders judgment after trial." The commission here condemned before it heard in violation of the above-quoted sections of the Administrative Procedure Act.
The notice of the formal hearing to be held on August 26, 1966, was mailed on Thursday, August 18, 1966. The total time allowed the petitioner to frame an adequate defense would have been only nine days if he would have received the notice the same day it was sent. In Roper v. Structural Pest Control Commission, Fla.App. 1963, 155 So.2d 846, the petitioner therein was served notice under F.S.A. § 482.171 (1) entitled "Revocation or suspension of certificate or license". This section simply provides for reasonable notice of a hearing, and no other statute required a more specific period of time for notice of the hearing. The petitioner in Roper v. Structural Pest Control Commission, supra, was given ten days' notice, but the date of hearing was included within the ten days. Petitioner therein urged that because he had only ten days to prepare for the hearing he had been denied due process. The court took judicial notice on the basis of Daoud v. Matz, Fla. 1954, 73 So.2d 51, of the ten-day rule of the Structural Pest Control Commission. Subsequent to Roper v. Structural Pest Control Commission, supra, the ten-day rule has been replaced by the twenty-day rule, Florida Administrative Code, Chapter 333-7.01.[4] Although there is no mention of renewal of certificate in F.S.A. § 482.171 as the section deals specifically with revocation or suspension, nevertheless, F.S.A. § 482.171 must be read in pari materia with F.S.A. § 482.161 which includes therein power to deny renewal of a certificate.
The notice given to petitioner in the case sub judice is not in keeping with Rule 333-7.01, supra, of the pest control commission as revised December 23, 1965, and now implementing F.S.A. § 482.171 requiring at that time a twenty-day notice before a hearing is held. Further, the commission did not timely inform the petitioner as required by F.S.A. § 482.171.
We next turn to the evidence considered by the commission in refusing to renew petitioner's certificate on the ground that he had sold the business and was not actively engaged in lawn and ornamental pest control from April 30, 1965, up to and including July 1, 1965.
*781 Throughout the years the scope of review by certiorari of administrative bodies in this state has been limited to the extent of determining whether procedural due process has been accorded to the party affected by the agency's action, whether the agency had jurisdiction of the cause, whether essential elements of law had been observed by the agency or whether the charges were supported by substantial competent evidence. The cardinal rule was that it was never appropriate for the court to substitute its judgment for that of the agency even though the reviewing court might have reached a different conclusion on the evidence presented. Butler v. Carter, Fla. 1960, 123 So.2d 313; De Groot v. Sheffield, Fla. 1957, 95 So.2d 912; City of Pensacola v. Maxwell, Fla. 1950, 49 So.2d 527; Pensacola Transit, Inc. v. Douglass, 1948, 160 Fla. 192, 34 So.2d 555. 1 Fla.Jur., Administrative Law, § 183 (1955). 21 U.Miami L. Rev. 167 (1966).
In Florida Real Estate Commission v. Rogers, Fla. 1965, 176 So.2d 65, the Supreme Court in its interpretation of the Administrative Procedure Act, Section 120.31 (2), broadened the scope of review when reviewing an administrative order where a penalty has been imposed to re-weigh the evidence in the record and upon finding that the order is inappropriate to substitute the court's judgment for that of the agency.
In the case sub judice the decision of the commission not to renew petitioner's license was tantamount to imposing upon the petitioner a penalty. To impose such penalty is within the discretion of the commission.
Notwithstanding the petitioner entering into a sales agreement with another party the petitioner withheld from that agreement certain accounts which he serviced from the date of the agreement continuously and uninterruptedly up to the date when he could no longer perform his service due to the commission's failure to renew his license. This fact is substantiated by testimony of several of petitioner's customers who testified that petitioner had been performing his services on their properties in the time period from April 30, 1965, to July 1, 1965, and that they had paid him personally for the services thus performed.
There is further evidence that petitioner was in business in the time required by the above statute. This is substantiated by petitioner's testimony and by the fact that the sales agreement contained a restrictive covenant whereby the petitioner agreed not to compete in Broward County with the purchaser in the business of spraying lawns, shrubs or trees either as an owner, employee or otherwise for a period of seven years. The record shows that the purchaser had filed suit against petitioner alleging that the petitioner violated this covenant. We make no determination as to this dispute and only mention it to show that petitioner was alleged to still be performing services after the date of the sales agreement.
The evidence irrefutably shows that the petitioner qualified for a certificate under the grandfather clause of the Pest Control Act certifying him as a pest control operator to engage in lawn and ornamental pest control and that the commission abused its discretion in refusing to renew petitioner's license. Accordingly, the petition for writ of certiorari is granted; the order of the Pest Control Commission of Florida dated October 19, 1966, is quashed; and the Pest Control Commission is hereby ordered, directed and commanded forthwith to issue a pest control certificate in the category of lawn and ornamental pest control to the petitioner.
Certiorari granted.
SMITH, D.C., Associate Judge, concurs.
ANDREWS, Acting C.J., concurs specially.
ANDREWS, Acting Chief Judge (concurring specially).
I concur in the decision to grant the writ of certiorari and to require the Pest Control *782 Commission to issue a certificate to the petitioner, Harry J. Wilson, Jr., as a lawn and ornamental pest control operator under the grandfather clause of the Pest Control Act, F.S.A. § 482.221(6).
NOTES
[1] F.S.A. § 482.161 "Grounds for suspension and revocation.  * * * (7) Failure to give to the board or the commission or authorized representative thereof, true information upon request regarding methods and materials used, work performed, or other information essential to the administration of this measure * * *."
[2] F.S.A. § 120.22 "Hearing guaranteed.  Any party's legal rights, duties, privileges or immunities shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law."
[3] F.S.A. § 120.23 "Notice of hearing.  Parties affected by agency action shall be timely informed by the agency of the time, place, and nature of any hearing; the legal authority and jurisdiction under which the hearing is to be held; and the matters of fact and law asserted. In fixing the time and place for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives. Each agency shall adopt appropriate rules of procedure for notice and hearing."
[4] Fla.Adm.Code, Chap. 333-7.01. "Notice of Hearing.  There shall be reasonable notice of at least twenty (20) days before a hearing on suspension or revocation of a license, certificate, Identification Card and/or Special Identification Card. General Authority 482.101(13) FS; Law Implemented 482.171, 120.23, FS History.  Revised 12-23-65"