SHIVERS, Judge.
The employer/carrier in this case, Delto-na Utilities and Home Insurance Company, appeal an order of the deputy commission *515 er finding, inter alia, that claimant’s 1984 industrial accident had merged with an earlier, 1980, injury; awarding temporary total disability (TTD) benefits; and finding the employer/carrier entitled to a partial credit for TTD payments previously paid by the employer. We affirm in part, reverse in part, and remand with instructions to modify the order.
The facts of this case are as follows. The claimant, Samuel Edwards, originally sustained a cervical sprain while working for the appellant/employer on January 9, 1980. He apparently missed no work as a result of his injury, and did not seek treatment by an orthopedic surgeon until March of 1984. On July 22, 1984, claimant suffered a second injury resulting from an incident of heat exhaustion while working for Deltona Utilities. Claimant came under the care of Dr. Rauschenberger, who had been his family physician for several years, on July 26, 1984. Rauschenberger found claimant to have reached maximum medical improvement (MMI) from the heat exhaustion incident on October 12, 1984, and released him to return to work on that date. Despite the release, Rauschenberger testified that claimant was not able to return to work, that he noticed an emotional change in the claimant after the heat exhaustion incident, and that claimant was in need of psychiatric counseling. Claimant was subsequently seen by Dr. Michael Gutman, a psychiatrist, who testified that claimant suffered from a “conversion hysteria” which caused him to exaggerate the physical symptoms from the two previous injuries to the point that he had been unable to work since January of 1985. Dr. Gutman also testified that claimant’s psychiatric condition was related to the 1984 heat exhaustion incident.
Subsequent to his second injury, claimant received TTD benefits from the carrier at the rate of $271.33 per week for the period from July 22, 1984 through October 8, 1984. In addition to these compensation benefits, claimant received “wage continuation” payments from the employer at the rate of $407 per week (claimant’s regular weekly wage) for the period from July 22, 1984 through August 17, 1984, and $271.31 per week for the period from August 17, 1984 through January 18, 1985. Claimant was also paid $189.91 per week in severance pay for a period of 13 weeks, after his employment with Deltona was terminated on January 14, 1985.
After a hearing on the claim for benefits, the deputy commissioner entered an order concluding that there had been a merger of the residuals from the 1980 injury, the residuals of the 1984 heat exhaustion, and the claimant’s overall psychiatric condition, and ordered the employer/carrier to pay TTD benefits from January 14, 1985. The deputy commissioner also concluded that the employer’s wage continuation payments were made with the knowledge of the claimant’s supervisor, were part of the company’s plan to support injured employees, and did not constitute payment in lieu of workers’ compensation benefits.
First, we reverse the finding of merger, but affirm the award of TTD benefits. A true “merger,” such as would establish entitlement to reimbursement from the special disability trust fund, occurs when a preexisting permanent impairment merges with a subsequent injury and permanent impairment, causing the employer to provide excess permanent compensation. Florida Workers’ Compensation Practice, section 7.7 (3d ed. 1986); section 440.-49(2)(b)2.b., Florida Statutes. Since there is no evidence of a permanent impairment resulting from the 1984 injury, and since the employer/carrier has not been required to provide any permanent benefits, a finding of merger is inappropriate in this case. Apart from the lack of merger, however, we find that there is competent, substantial evidence to support claimant’s entitlement to TTD benefits and, thus, that portion of the order is affirmed.
Second, we reverse the portion of the order allowing the employer/carrier to take credit only for TTD benefits paid by the carrier from the date of accident to October 10, 1984. Section 440.20(14) provides that “If the employer has made ad- *516 vanee payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.” Where an employer has made payments to an employee prior to an award, therefore, the question arises whether the payments were intended to be made in lieu of workers’ compensation benefits, or whether they were intended to be a gratuity. In Daoud v. Matz, 73 So.2d 51 (Fla.1954), the supreme court held that when an employee is paid wages although he performs no work, it may be reasonably inferred that the payment is in lieu of compensation. The court stated that, absent special facts indicating a charitable motive, it is unrealistic to find the payments to be a gratuity. In the instant case, we find no evidence that the employer intended the wage continuation payments made to claimant to constitute a gratuity. To the contrary, the employer’s accountant and comptroller, Debbie Swain, specifically testified that Deltona Utilities would not have made wage continuation payments had it known that claimant was receiving TTD benefits, and that it was Deltona’s policy to pay wage continuation to absent employees unless benefits were available under some other policy for which the company was paying. Moreover, the claimant testified that he informed his superior, Doug Lovell, that he was receiving both TTD benefits and wages, that Mr. Lovell spoke with Mr. Lanton (a vice-president of Deltona) and that claimant was advised that he “didn’t have to worry about it until I repaid it.” Thus, it appears not only that the employer did not intend the wage payments to constitute a gratuity, but also that claimant was aware that he would have to repay the wages he was receiving.
Accordingly, the deputy commissioner’s finding of merger is reversed, the award of TTD benefits is affirmed, and the matter is • remanded with instructions to modify the final order to allow the employer to be reimbursed the wage continuation payments it made to claimant out of any unpaid installments of compensation due, pursuant to section 440.20(14), Florida Statutes.
ERVIN, J., concurs.
ZEHMER, J., concurs in result only.