IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A. ALEXIS VARELA, INC., D/B/A THE
VARELA  CONSTRUCTION  GROUP,
A FLORIDA CORPORATION,

      Appellant,

 v.

DOMINIC PAGIO AND JULIA PAGIO,

      Appellees.

_____/

Case No.  5D21-2077
LT Case No. CC21-1654

Opinion filed May 20, 2022

Appeal from the County Court
for St. Johns County,
Charles J. Tinlin, Judge.

Thomas J. Tollefsen, of Tritt & Associates,
P.A., Jacksonville, for Appellant.

Mary Scheps Scott, of Mary Scott Law,
Ponte Vedra Beach, for Appellees.

WOZNIAK, J.

      A. Alexis Varela, Inc., d/b/a The Varela Construction Group ("Varela"),

appeals the order dismissing Count I of its complaint seeking to foreclose a

construction lien on property owned by Dominic Pagio and Julia Pagio ("the

Pagios"). The trial court based its dismissal of this count on Varela's failure to timely deliver to the Pagios the contractor's affidavit required by section 713.06(3)(d), Florida Statutes (2021). Because the county court incorrectly interpreted the applicable statutory language requiring delivery of the affidavit "at least 5 days before instituting an action," we reverse.

Varela, a building contractor, contracted with the Pagios to perform remodeling work on the Pagios' home. The Pagios, contending that the work was not performed in a timely and workmanlike manner, refused to make the final payment. Varela filed suit on May 10, 2021, seeking to foreclose a construction lien for the balance due of $17,359. The complaint alleged compliance with conditions precedent to suit, and attached thereto was a copy of the Contractor's Final Payment Affidavit with evidence it was served on the Pagios on May 5, 2021. There is no dispute that service was accomplished May 5th; the dispute is whether service on May 5th constituted compliance with the requirement of section 713.06(3)(d) that "[t]he contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his or her lien under this chapter . . . ." § 713.06(3)(d), Fla. Stat. (2021).

The Pagios filed a Motion to Dismiss Count I, asserting that service on May 5th was one day too late to constitute compliance with the statute.

2

Finding that May 11th, not May 10th, was the first day the action could be filed, the county court concluded that Varela failed to meet a condition precedent to filing the action, dismissed Count I, and dissolved the related lis pendens.

"[T]he appellate standard of review on issues involving the interpretation of a statute is de novo." Richeson v. South's Custom Constr., Inc., 317 So. 3d 1241, 1243 (Fla. 5th DCA 2021) (citing B.Y. v. Dep't of Child. & Fams., 887 So. 2d 1253, 1255 (Fla. 2004)). The same standard is applicable to a trial court's interpretation of the rules of civil procedure. Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006). With the applicable standard of review at the foreground of our review, we observe, as did the county court, that the correct interpretation of the statutory language is critical because proper service of the contractor's affidavit is a condition precedent to the right to maintain an action to foreclose on the lien. See Sowers v. Hoenstine, 417 So. 2d 1137 (Fla. 5th DCA 1982).

Section 713.06(3)(d) requires a contractor to deliver a contractor's final payment affidavit to the owner "at least 5 days before instituting an action." Because the statute does not specify a method for computing time, Florida Rule of General Practice and Judicial Administration 2.514 fills that gap. Fla. R. Gen. Prac. & Jud. Admin. 2.514(a) ("The following rules apply in

computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.").  It specifies:

> **(1) Period Stated in Days or a Longer Unit.**  When the period is stated in days or a longer unit of time:
>
> (A) begin counting from the next day that is not a Saturday, Sunday, or legal holiday;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, or falls within any period of time extended through an order of the chief justice under Florida Rule of General Practice and Judicial Administration 2.205(a)(2)(B)(iv), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice.

Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1).  The exceptions for dates falling on a weekend or holiday are inapplicable here, as May 5, 2021, was a Wednesday, and May 10, 2021, was a Monday.

The county court, reading the statutory language requiring delivery of the affidavit "at least 5 days before instituting an action," concluded that there must be a gap of five clear days between delivery of the affidavit and

4

institution of suit, meaning that suit could not be filed until the sixth day after delivery of the affidavit. That is not what the statute requires.

The county court read into the statute language that does not exist and that is inconsistent with Florida's rule governing the computation of time.[1] The plain language of the rule instructs that in calculating a period of time where "at least" a specified number of days must pass before an event, the exclusion of one of the terminal dates and the inclusion of the other is required. See, e.g., Roper v. Structural Pest Control Comm'n, 155 So. 2d 846, 847 (Fla. 3d DCA 1963) (holding, where notice was required to be given "at least 10 days before a hearing," that date of receipt of notice would be excluded in computing the ten-day period, but date of hearing would be

---

[1] Only a small minority of states have adopted a "clear days" approach whereby both terminal days are excluded from the count. See J.A. Bock, Annotation, Inclusion or Exclusion of First and Last Days in Computing the Time for Performance of an Act or Event Which Must Take Place a Certain Number of Days Before a Known Future Date, 98 A.L.R.2d 1331 § 4(b) (1964) (noting Texas and Utah appear to have excluded both terminal days). However, Florida comes within the majority. As noted by J.A. Bock,

> [i]n the absence of anything showing an intention to count only "clear" or "entire" days, it is generally held that in computing the time for performance of an act or event which must take place a certain number of days before a known future day, one of the terminal days is included in the count and the other is excluded.

Id. at § 3(a).

included). Thus, the affidavit, to be timely, could be delivered on the fifth day before suit was filed; that fifth day was May 5th. Because the affidavit was admittedly delivered on May 5th, it was timely and reversal is required.

REVERSED and REMANDED for further proceedings.

SASSO and TRAVER, JJ., concur.

6