NIMMONS, Judge.
Associated Home Health Agency, Inc. (“Associated”) appeals from a final order of the Department of Health and Rehabilitative Services (“HRS”) “rescinding” Associated’s license to provide home health service in Palm Beach County. We reverse.
In 1974, appellee, “A” Associated Home Health Agency, Inc. (“A Associated”), was incorporated and commenced providing services to home-bound residents of Broward County. A Associated obtained a HEW provider number and in late 1974 or early 1975, it began providing services to Palm Beach County operating out of a branch office. The Palm Beach County branch *105 office received its own HEW provider number in 1975.
Because of disagreements between the officers/owners (the Collisters and the Schacks), the original agency was split. On June 30, 1976, articles of incorporation for “Associated Home Health Agency, Inc.,” were filed by the Schacks for the purpose of operating in Broward County. The Collisters continued to operate in Palm Beach County under the original agency name. An agreement in February, 1976, relating to the separation contained a covenant not to compete for five years.
In 1982, Associated applied for a license to operate in Palm Beach County. The application was denied by HRS because Associated had not obtained a certificate of need (CON) or an exemption from the CON requirement. Associated then supplied HRS with supporting materials indicating that it was entitled to exemption under Section 400.504, Florida Statutes (1981)[1] from the CON requirements. After reviewing the information submitted, HRS issued a license on July 8, 1982, authorizing Associated to operate in Palm Beach County in addition to Broward County.[2]
Upon learning of this licensure, A Associated began corresponding with HRS in August, 1982, questioning Associated’s entitlement to expand its services into Palm Beach County and suggesting that Associated had obtained the license through material misrepresentations concerning its entitlement to a CON exemption under the “grandfather” provision of Section 400.504. On October 12, 1982, A Associated filed a mandamus suit in the Circuit Court in Leon County against HRS seeking an order requiring HRS to cancel and rescind Associated’s license to operate in Palm Beach County. On October 26, 1982, HRS notified A Associated by letter that it would have 30 days within which to request a Section 120.57 hearing “with regard only to the addition made to the state home health agency license of [Associated] through agency license number 1235 issued for the period July 8, 1982, through May 31, 1983, to expand its service area to include Palm Beach County.” HRS sent Associated a copy of its October 26 letter and advised Associated that it might be joined in any proceedings resulting from that letter and that HRS might put in issue in any such proceeding the revocation, suspension or modification of Associated’s license.
On November 29, 1982, A Associated petitioned for a formal 120.57 hearing, and Associated was granted intervenor status. In December, the Leon County Circuit Court entered an order abating A Associated’s mandamus suit pending resolution of the administrative proceeding. The 120.57 hearing was held on October 31, 1983. Much of the evidence presented at the hearing involved the corporate history of Associated and A Associated and their principals, the history of their operations in Broward and Palm Beach Counties, and the status of the various HEW provider numbers during the relevant periods of time. The recommended order of the hearing officer recommended that HRS revoke Associated’s license to operate in Palm Beach County. HRS adopted the recommended order and revoked Associated’s license. This appeal followed.
Associated has maintained in the proceedings below as well as on appeal that: (1) in order to revoke Associated’s license, it was incumbent upon HRS to initiate license revocation proceedings pursuant to the applicable statutory and rule provisions; (2) it was improper to allow A Asso- *106 dated to initiate and prosecute the revocation proceeding; and (3) the hearing officer and agency erred in placing the burden upon Associated to prove that it was entitled to retain the license.
We agree with Associated’s contention that the proceedings below were fatally defective in that license revocation proceedings were not properly commenced or conducted. Section 120.60(6), Florida Statutes (1981), provides:
(6) No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to s. 120.57. When personal service cannot be made and the certified mail notice is returned undelivered, the agency shall cause a short, simple notice to the licensee to be published once each week for 4 consecutive weeks in a newspaper published in the county of the licensee’s last known address as it appears on the records of the board. If no newspaper is published in that county, the notice may be published in a newspaper of general circulation in that county. If the address is in some state other than this state or in a foreign territory or country, the notice may be published in Leon County.
Further, HRS has adopted Rule 28-6, F.A.C., governing license revocation proceedings, including the requisite contents of the agency’s administrative complaint. Of course, the agency never filed such a complaint in the instant case.
HRS and A Associated would have us affirm because, after all, there was an evidentiary hearing afforded Associated. The hearing officer and HRS would undoubtedly, they say, have reached the same conclusion if the case had been initiated and conducted as a license revocation proceeding. Appellees ask too much, particularly when it is recalled that the burden of proof was placed on the licensee at the hearing and that there were both factual as well as legal issues for resolution. In a revocation proceeding, the agency has the burden of proving the allegations of its administrative complaint justifying a license revocation.
A Associated should not have been permitted to initiate the proceeding below. The agency’s determination, prior to issuance of the subject license, was that Associated met the “grandfather” provisions of Section 400.504. A Associated had no standing to a 120.57 hearing on that question. And even if A Associated, or any other person for that matter, was privy to information indicating that the agency had granted grandfather status based upon the licensee’s fraud or material misrepresentation, the proper course is to convey such facts to the agency which has the power to institute proceedings to revoke the license.
In view of our decision on the above grounds, we do not reach the other substantive issues presented on appeal.
The order appealed is Reversed. Our decision is without prejudice to the agency’s institution of a proper proceeding under Chapter 120.60.
THOMPSON and BARFIELD, JJ., concur.

. 400.504 Agencies to be given reasonable time to comply with rules and standards. — Any agency as defined in this act which is in operation as of July 1, 1985, or at the time of promulgation of any applicable rules or standards adopted pursuant to this act may be given a reasonable time, not to exceed 1 year from the date of publication, within which to comply with such rules and standards and obtain a license. Any home health agency operating and providing services in the state and having a provider number issued by the U.S. Department of Health, Education, and Welfare on or before April 30, 1976, shall not be denied a license on the basis of not having received a certificate of need.

. A Associated had, prior to the July 8, 1982, licensure, called to the attention of HRS the fact that Associated was apparently doing business in Palm Beach County without authority.