ANSTEAD, Chief Judge.
We reverse and remand this cause to the Unemployment Appeals Commission with directions that the matter be remanded for reconsideration by the same hearing officer who originally heard appellant’s claim or, alternatively, assuming that the same hearing officer is unavailable, that the matter be remanded for a new hearing before a hearing officer who will have an opportunity to consider the live testimony of the witnesses.
This cause was originally reversed and remanded by the Commission for specific findings of fact relating to the issue of appellant’s termination of employment. In particular the hearing examiner was in *1092 structed to consider certain evidence presented by the appellant which conflicted with the employer’s evidence, and to set forth in writing the rationale by which the hearing officer resolved the conflict. In particular the order provided:
According to the claimant, the employer engaged in questionable accounting practices and also engaged in offensive physical contact with her. The “appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence.” David Clark & Associates, Inc., v. Kennedy, 390 So.2d 149, 151 (Fla. 1st DCA 1980). The Referee, however, must include in the decision the means by which conflicting evidence presented by the parties was resolved.
The decision under review does not refer to or address the allegations of offensive physical contact or questionable accounting practices even though copious testimony on this subject was presented at the hearing. Such evidence is relevant to the question of whether good cause for quitting existed; consequently, it was error for the Referee not to consider it.
Unfortunately, upon remand a different hearing officer was assigned to the case and he decided the case on the basis of the existing printed record. We believe that to be error. Section 120.57(l)(b)(4), Florida Statutes (1981), provides that all parties shall have an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence. We do not believe the provisions of that section are satisfied under the circumstances of this case. Clearly the Commission contemplated the hearing examiner acting in his traditional role as the trier of fact to weigh the evidence, resolve conflicts in the evidence, and evaluate the credibility of the witnesses. Section 120.57(l)(b)(4) contemplates that this be done in a live trial setting. If the original hearing officer had reconsidered the record, having already participated in the live hearing, and rendered a decision resolving the conflicts, that would have concluded the matter. But we do not believe a successor examiner can perform that same function, considering simply the printed record, anymore than we could or should perform that function when considering the case on review.
GLICKSTEIN, J., concurs.
WALDEN, J., dissents without opinion.