486 So.2d 32 (1986)
ST. FRANCIS PARKSIDE LODGE OF TAMPA BAY, Appellant,
v.
Department of Health and Rehabilitative Services, and Management Advisory and Research Center, Inc., D/B/a Glenbeigh Hospital, Appellees.
Charter Medical-Southeast, Inc. D/B/a Charter Haven Hospital, Appellant,
v.
Department of Health and Rehabilitative Services, and Management Advisory and Research Center, Inc., D/B/a Glenbeigh Hospital, Appellees.
Nos. BE-91, BG-121.
District Court of Appeal of Florida, First District.
April 1, 1986.
Rehearing Denied April 25, 1986.
*33 Ivan Wood, Jr., of Wood, Lucksinger & Epstein, Houston, Tex., and Steven T. Mindlin, of Wood, Lucksinger & Epstein, Miami, for appellant St. Francis Parkside Lodge of Tampa.
Chris H. Bentley, Tallahassee, and William E. Hoffman, Jr. and James A. Dyer, of King & Spalding, Atlanta, Ga., for appellant Charter Medical-Southeast, Inc. d/b/a Charter Haven Hosp.
Kenneth F. Hoffman, W. David Watkins and M. Christopher Bryant, of Oertel & Hoffman, Tallahassee, for appellee Management Advisory and Research Center.
Douglas L. Mannheimer, of Culpepper, Turner & Mannheimer, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
BARFIELD, Judge.
St. Francis Parkside Lodge of Tampa Bay (St. Francis) and Charter Medical-Southeast, Inc. d/b/a Charter Haven Hospital (Charter) are before the court on consolidated appeals from final orders of the Department of Health and Rehabilitative Services (Department) which granted motions to dismiss appellants' amended petitions for formal hearings for lack of standing. Appellants sought formal hearings to challenge the Department's granting of a certificate of need (CON) to Management Advisory and Research Center, Inc. d/b/a Glenbeigh Hospital (Glenbeigh) to construct a 100-bed specialty alcohol and chemical dependency hospital in Hillsborough County. We reverse.
The Department notified St. Francis and Charter of its intention to grant Glenbeigh a CON to construct a facility for services defined in Florida Administrative Code Rule 10-5.11(27)(c). Charter had pending an application for a CON to construct a facility for services defined in rule 10-5.11(27)(b). St. Francis is a facility licensed to operate a non-hospital medical detoxification service pursuant to rule 10E-3.43(2), a drug abuse treatment and education residential rehabilitation center pursuant to rule 10E-7.14, and an intensive residential treatment program pursuant to rule 10E-3.45(2).
Charter's amended petition alleges, in part, that the proposed Glenbeigh facility will service the same patients to be serviced by the proposed Charter facility, notwithstanding the rule distinction between average length of patient stay. The petition further alleges that the Glenbeigh application is incorrect in asserting that the average length of patient stay will exceed 28 days, that in fact the average length of stay will not exceed 28 days, and that the proposed Glenbeigh facility will therefore be no different from the facility proposed by Charter.
St. Francis' amended petition alleges, in part, that it provides some of the same services proposed to be provided by Glenbeigh and that Glenbeigh will therefore draw from the same patient base as St. Francis. Both petitions allege that the duplication of services will lessen the quality *34 of care and elevate the cost of delivering the services.
In considering the motions to dismiss the amended petitions, the Department must accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions. Pizzi v. Central Bank and Trust Company, 250 So.2d 895 (Fla. 1971). The allegations of both amended petitions, if proved, will establish that the petitioners' interests are substantially affected by the Department's decision to issue the CON to Glenbeigh. §§ 120.52(11)(b), 120.57(1) and 381.494(8)(e), Fla. Stat. (1983).
REVERSED.
BOOTH, C.J., and WIGGINTON, J., concur.