Mr. Van B. Poole Secretary Department of Business Regulation 725 South Bronough Street Tallahassee, Florida 32399-1000
Dear Secretary Poole:
You have asked my opinion on substantially the following question:
 Do "crane games" qualify as slot machines or devices within the meaning of Ch. 849, F.S.?
In sum, I am of the opinion that:
 A coin operated "crane game" having an unpredictable outcome or chance which is inherent in the machine qualifies as a slot machine or device within the meaning of Ch. 849, F.S. The burden of proof to establish the unpredictability or chance of such a machine rests with the Department of Business Regulation in seeking to suspend, revoke or assess a civil penalty against any alcoholic beverage licensee found to be in possession of gambling paraphernalia as defined in Ch. 849, F.S., on premises licensed under the Beverage Law.
As you note in your letter, s. 561.29, F.S., authorizes the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation to suspend, revoke or assess a civil penalty against any alcoholic beverage licensee found to be violating any law of the State of Florida.[1] Rule 7A-3.0031, F.A.C., specifically prohibits gambling games and the possession of gambling paraphernalia as defined in Ch. 849, F.S., from being present on premises licensed under the Beverage Law.[2]
You state that a "crane game" is a coin-operated amusement machine which allows the operator to manipulate a mechanical claw within an enclosure in order to retrieve a prize. The player of the machine controls the horizontal movement of the claw in grasping the prize but not the depth of its descent nor the pressure of the claw in grasping the prize. The player, therefore, does not have complete control over the ability of the claw to pick up the prize. The owner-operator of the crane games has the ability to set the tension or relative pressure, or to change the shape, of the claw. Thus, you state that the outcome of playing these machines may be determined, to a large extent, by luck or, depending on the setting, may be a function primarily of skill.
Pursuant to s. 849.15(1), F.S., it is unlawful to possess or permit the operation of any slot machine or device.[3] Section849.16, F.S., defines those machines which qualify as a slot machine or device as
 one that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him, may:
 (1) Receive or become entitled to receive any piece of money, credit, allowance, or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or
 (2) Secure additional chances or rights to use such machine, apparatus, or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value.
Thus, if the receipt of a prize is dependent on any element of chance, the machine would fall within the above definition of a slot machine proscribed by s. 849.15, F.S.[4] The Supreme Court of Florida, in considering the statutory definition of a slot machine, stated in Deeb v. Stoutamire:[5]
 The law denouncing slot machines defines them as devices so adapted that "as a result of the insertion" of a coin they are "caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any . . . thing of value" or anything which may be exchanged for something of value, such as money or merchandise, "or the user may secure additional . . . rights" to play, "even though [the machine] may, in addition to any element of chance or unpredictable outcome" deliver merchandise or entertainment. (emphasis supplied by Court)
Thus, the Court defined slot machines by referring to the chance or unpredictability of the mechanism, not of the player. While the statutory definition of slot machines has been subsequently amended,[6] such amendments do not appear to have affected the operative language of the Court's holding in Deeb.
Accordingly, I am of the opinion that a coin operated crane game having an unpredictable outcome or chance which is inherent in the machine qualifies as a "slot machine" within the meaning of s.849.15(1), F.S. The burden of proof to establish the unpredictability or chance of the machine rests with the Department of Business Regulation in seeking to suspend, revoke or assess a civil penalty against an alcoholic beverage licensee found to be in possession of gambling paraphernalia on premises licensed under the Beverage Law.[7]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 561.29(1)(a) and (3), F.S.
[2] The "Beverage Law" consists of Chs. 561, 562, 563, 564, 565, 567, and 568, F.S. See, s. 561.01(6), F.S.
[3] Section 849.15(1), F.S., makes it unlawful:
 To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or permit the operation of, or for any person to permit to be placed, maintained, or used or kept in any room, space, or building owned, leased or occupied by him or under his management or control, any slot machine or device or any part thereof[.]
[4] You refer in your letter to s. 849.161, F.S. That section makes Ch. 849, F.S., inapplicable to "arcade amusement centers" having coin operated amusement games or machines which by application of skill entitle the person playing to receive points or coupons which may be exchanged for merchandise only, excluding cash or alcoholic beverages, provided that the value of the prize does not exceed seventy five cents on any game played. "Arcade amusement center" is defined as a place of business having at least 50 coin-operated amusement games or machines on the premises for the entertainment of the general public and tourists as a bona fide amusement facility. Section 849.161(2), F.S.
[5] 53 So.2d 873, 874 (Fla. 1951).
[6] See, Chs. 67-203, 77-275 and 84-247, Laws of Florida.
[7] Cf., Associated Home Health Agency, Inc. v. State Department of Health and Rehabilitative Services, 453 So.2d 104 (1 D.C.A.Fla., 1984) (in a revocation proceeding, the agency has the burden of proving the allegations of its administrative complaint justifying a license revocation).