555 So.2d 922 (1990)
UNIVERSITY COMMUNITY HOSPITAL, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Hillsborough County Hospital Authority, Appellees.
No. 89-429.
District Court of Appeal of Florida, First District.
January 12, 1990.
Rehearing Denied February 12, 1990.
Cynthia S. Tunnicliff of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, P.A., Tallahassee, for appellant.
Lesley Mendelson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee/Department of Health and Rehabilitative Services.
John Radey, Elizabeth McArthur of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellee/Hillsborough County Hosp. Authority.
SMITH, Judge.
University Community Hospital appeals a final order of the Department of Health and Rehabilitative Services (HRS) denying an application for a certificate of need (CON) to operate a comprehensive medical rehabilitation unit. Appellant raises several issues, only one of which merits extensive discussion.[1] We affirm.
*923 As part of its CON application, appellant sought an exemption for nine beds which had been used for rehabilitation purposes prior to the enactment of section 381.706, Florida Statutes (1983), which required CON approval for a change in the number of licensed beds.[2] Though HRS denied the CON application, it agreed that the nine beds should be exempt from review. Tampa General Hospital (TGH), a regional competitor, sought to intervene in the hearing requested by appellant following denial of its application; appellant filed no objection to TGH's request. Tampa General also requested a hearing on the grandfather exemption. Over the appellant's objection, Tampa General was allowed to contest the decision to grant the grandfather exemption.
The two cases were consolidated into a single hearing which lasted several days. Before a recommended order was filed, the presiding hearing officer resigned from the Division of Administration Hearings, and pursuant to section 120.57(1)(b)(11), a second hearing officer was assigned. He prepared a recommended order based on a review of the written record and documentary evidence. The hearing officer recommended that the application for a CON be denied. Appellant filed exceptions to the recommended order which were denied by HRS when it adopted the findings of fact and law made in the recommended order.
Appellant argues that the substituted hearing officer should have conducted a new hearing before entering a recommended order. The appellant did not request a hearing de novo, but appellant claims, nevertheless, that section 120.57(1)(b)(11) requires a new hearing when a finding of fact requires an assessment of conflicting evidence. That section provides:
If the hearing officer assigned to a hearing becomes unavailable, the division shall assign another hearing officer who shall use any existing record and receive evidence or argument, if any, which the new hearing officer finds necessary.
Contrary to the appellant's assertion, the statute plainly gives a substitute hearing officer the discretion to determine whether a new hearing is necessary. The substitute hearing officer apparently felt a second hearing was not necessary, and we cannot say that his exercise of discretion in this case requires reversal.
Appellant's reliance on Tompkins Land and Housing, Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983), is misplaced. In that case, the court held that while a successor judge may complete acts left unfinished by a predecessor, a successor may not weigh and compare testimony heard by another judge unless the parties so stipulate. The court in Tompkins cited as authority Bradford v. Foundation & Marine Construction Co., 182 So.2d 447, 449 (Fla. 2d DCA 1966), in which the court stated that "... in the absence of a statute to the contrary, a successor judge cannot generally make findings or render a final decree even though the testimony is transcribed at trial and preserved." (Emphasis added.) The court noted that besides a statute to the contrary, the parties may stipulate to the rendition of a verdict or judgment by a successor judge. Id. In the instant case, there is clear statutory authority giving hearing officers the discretion whether to hold a second hearing.
Nor are we persuaded by the federal case law cited to this court, namely Gamble-Skogmo, *924 Inc. v. Federal Trade Commission, 211 F.2d 106 (8th Cir.1954), which held that a substitute hearing officer is required to conduct a new hearing when an evaluation of a witness' credibility is necessary. This holding was premised on Congressional intent. The instant case involves a different statute which does not evince the same legislative intent. Moreover, the Gamble-Skogmo court specifically noted that the complaining party had requested a second hearing, distinguishing that case from others cited, in which a second hearing was not required because a hearing de novo had not been requested or the record was unclear whether a request for a second hearing had been made.[3] As noted, the appellant did not request the hearing de novo until after the recommended order was filed.
Finding none of the other arguments presented are meritorious, the final order of HRS denying an application for a CON is AFFIRMED.
THOMPSON and MINER, JJ., concur.
NOTES
[1] Among the other issues raised by appellant is the argument that Tampa General Hospital had no standing to contest HRS' initial determination that some of appellant's beds were exempt from review, i.e., were "grandfathered." The hearing officer properly found standing under the authority of Baptist Hospital, Inc. v. HRS, 500 So.2d 620 (Fla. 1st DCA 1986) (any party whose substantial interests will be affected by proposed agency action has standing to participate in a 120.57 proceeding). Compare, Associated Home Health Agency, Inc. v. HRS, 453 So.2d 104 (Fla. 1st DCA 1984)(a third party is not permitted to initiate and prosecute a license revocation proceeding though the licensee may have been wrongfully granted a grandfather exemption). Appellant also contends that when HRS adopted the recommended order, it employed standards different from those initially used. This argument fails to consider the finding by the hearing officer that HRS failed to follow its own rules governing grandfather eligibility when HRS issued its proposed agency action. Finally, appellant claims that the findings are not supported by the competent and substantial evidence. Following a review of the record, we find this last argument to be meritless.
[2] Section 395.003(4), F.S. (1983) required the number of beds used for rehabilitation to be reflected on the face of a hospital's license.
[3] See N.L.R.B. v. Dixie Shirt Co., Inc., 176 F.2d 969 (4th Cir.1949) and N.L.R.B. v. Stocker Mfg. Co., 185 F.2d 451 (3d Cir.1950), cited in Gamble-Skogmo at 114.