WOLF, Judge.
University Psychiatric Center, Inc. (UPC) challenges a final administrative order from the Department of Health and Rehabilitative Services (Department) dismissing its petition(s) for formal proceedings due to its lack of standing to institute a license revocation proceeding against Glenbeigh Hospital, Inc. UPC asserts that its petition or amended petition for administrative hearing did not involve a license revocation, but rather a challenge to the Department’s issuance of a de facto permit allowing Glenbeigh Hospital to treat certain additional patients without a required certificate of need (CON). We find that the allegations contained in appellant’s amended petition are sufficient to raise legal and factual issues concerning the authority of Glenbeigh to treat certain types of patients pursuant to its existing permit.[1] We reverse and remand.
Appellant’s amended petition, in pertinent part, alleges the following:
(1) UPC “is a licensed free-standing specialty hospital with 114 short-term and substance abuse beds.... UPC currently provides psychiatric and *401 substance abuse services to residents of HRS Service District 6_ The psychiatric services include a program to treat eating disorder patients.”
(2) Glenbeigh “is a specialty hospital licensed to operate 100 substance abuse beds.... Glenbeigh treats eating disorder patients in its substance abuse hospital and holds itself out as providing psychiatric services.”
(3) “UPC’s substantial interests are affected by HRS’ decision to allow Glenbeigh to treat eating disorder patients without obtaining a certificate of need or being grandfathered in....”
(4) “HRS’ decision to grant a ‘de facto’ certificate of need to Glenbeigh affects UPC’s substantial interests by allowing the provision of health services without the need for such services being scrutinized pursuant to an application for a certificate of need review process.... As an existing licensed provider of identical or similar services, UPC is entitled to have the need for other competing services justified through the certificate of need review process.... Allowing Glenbeigh to treat eating disorder patients without a certificate of need creates unnecessary duplication of psychiatric services in the service area. This results in an unnecessary duplication of manpower and resources and, by decreasing utilization and occupancy rates at existing licensed facilities in the service area, including UPC, does not result in a cost efficient health care delivery system.”
(5) HRS “has granted GLENBEIGH an additional de facto certificate of need or another exemption from certificate of need review, this time to provide all manner of psychiatric services except for those relating to acute severe psychiatric disorders.”
(Emphasis in original).
The petition for formal hearing filed by UPC was disposed of by the Department in a final order signed by its acting secretary. The final order concludes that UPC’s petition must be “DISMISSED for lack of standing.” The order provides, in pertinent part, as follows:
Glenbeigh Hospital went through CON review several years ago and obtained licensure pursuant to its Certificate of Need. The Glenbeigh license and types of patients treated have not changed. UPC ... [and Charter Hospital of Tampa Bay] seek to have the department rescind Glenbeigh’s authority to treat patients suffering from eating disorders. Thus, what the petitioners seek is license revocation pursuant to Section 120.60, Florida Statutes. That being the case, the petitioners lack standing to maintain this action, and the action must be dismissed for lack of subject matter jurisdiction.
In St. Francis Parkside Lodge of Tampa Bay v. Department of Health and Rehabilitative Servs., 486 So.2d 32 (Fla. 1st DCA 1986), which is virtually indistinguishable from a procedural standpoint, the court said:
In considering the motions to dismiss the amended petitions [for formal hearings], the Department must accept as true the factual allegations of the petitions and may not consider any factual matters outside the amended petitions.... The allegations of both amended petitions, if proved, will establish that the petitioners’ interests are substantially affected by the Department’s decision to issue the CON to Glenbeigh.
Id. at 34 (citation omitted).
In the instant case, we are unable to determine the basis for the Department’s determination that UPC was seeking a license revocation. The Department’s order is based on matters not contained in appellant’s petition, such as Glenbeigh’s existing license. This is impermissible. See Id. Accordingly, we reverse and remand for the appellant’s amended petition to be reinstated.
We have also reviewed Glenbeigh’s arguments as to UPC’s lack of standing as a third-party intervenor in the proceedings *402 initiated by Charter and find them to be without merit. We emphasize, however, that we do not address whether UPC’s rights as an intervenor are still ripe (Charter did not file a timely appeal challenging the Department’s order below denying it standing). See University Community Hosp. v. Department of Health and Rehabilitative Servs., 555 So.2d 922 (Fla. 1st DCA 1990).
REVERSED and REMANDED.
ERVIN and KAHN, JJ., concur.

. The amended petition consists of the original petition together with the allegations contained in the motion for leave to amend petition, which was granted.