PER CURIAM.
Collier Development Corporation (CDC) was denied a dredge and fill permit by the State of Florida, Department of Environmental Protection (DEP). The hearing before the initial hearing officer consumed thirty-six days, spread over six months. Two hundred one exhibits were introduced, and the transcript numbered over 7,000 pages. Subsequently, CDC moved to disqualify the original hearing officer. That hearing officer entered an order disqualifying herself, and William F. Quattlebaum became the new hearing officer. Quattlebaum read the entire record and issued a recommended order adverse to CDC. The Secretary of DEP entered her final order adopting the recommended order of Quattlebaum in its entirety.
The dispositive issue presented in this appeal is whether CDC was entitled to a de novo hearing before Quattlebaum. CDC argues a de novo hearing was necessary so that Quattlebaum could weigh the credibility of the various witnesses. CDC does not allege it has new testimony to present or that its prior presentation was incomplete in any way, nor does CDC point to any credibility choices that were germane to the ultimate disposition of its application for the permit.
CDC cites Rathmann v. Pacesetter Industries, Inc., 452 So.2d 1091 (Fla. 4th DCA 1984), in support of its position. The Rath-mann court found section 120.57(l)(b)(4), Florida Statutes (1981), to contemplate a live trial setting. That court opined, “But we do not believe a successor examiner can perform that same function, considering simply the printed record, anymore than we could or should perform that function when considering the ease on review.” Id. at 1092. Rath-mann does not, however, make mention of section 120.57(l)(b)(ll), which provides:
If the hearing officer assigned to a hearing becomes unavailable, the division shall assign another hearing officer who shall use any existing record and receive any additional evidence or argument, if any, which the new hearing officer finds necessary.
DEP relies on University Community Hospital v. Dep’t of Health & Rehabilitative Servs., 555 So.2d 922 (Fla. 1st DCA 1990). The court in that case referred specifically to section 120.57(l)(b)(ll) and said, “[t]he statute plainly gives a substitute hearing officer the discretion to determine whether a new hearing is necessary.” Id. at 923. CDC argues University Community Hospital is not applicable to this case because there was no request for a de novo hearing. The opinion is not premised on the presence or absence of a request for a de novo hearing, but is grounded on the fact that there was clear statutory authority for the exercise of discretion by the hearing officer. We likewise conclude that the plain meaning of the statute allows the substitute hearing officer the discretion to conduct a new hearing or decide the case from the record.
Finding no merit in the other issues raised by CDC, we affirm the final order entered in this case.
SCHOONOVER, A.C.J., and QUINCE and WHATLEY, 33., concur.