MORRIS, Judge.
Fedeline Georges appeals a final administrative order entered by the Board of Nursing revoking her certified nursing assistant (C.N.A.) license as a result of a complaint filed by the Department of Health which alleged that Georges stole ten dollars from a patient. Following an administrative hearing, the administrative law judge (ALJ) determined that Georges was guilty of unprofessional conduct and recommended a $250 fine and probation. The Department filed an exception to the recommended penalty and moved to increase it to a revocation of Georges’ license. The Department argued that a revocation was warranted because the Board routinely revokes the licenses of C.N.A.S who have stolen from patients. Ultimately, the Board rejected the ALJ’s recommended penalty, imposed costs of $15,703.17, and permanently revoked Georges’ license.
Because there is competent, substantial evidence in the record to support the ALJ’s determination that Georges stole money from a patient and that she was therefore guilty of unprofessional conduct, we affirm that determination without further comment. But we reverse the revocation of Georges’ license because the *761 Board failed to follow proper procedure in imposing that penalty, which resulted in a violation of Georges’ due process rights. We also reverse the imposition of the attorneys’ fees portion of the $15,703.17 in costs because the Board failed to provide Georges with proper documentation, which also constituted a due process violation.
Rule 64B9-15.009 of the Florida Administrative Code sets forth the disciplinary guidelines applicable to C.N.A.S. And rule 64B9-15.009(3)(ii) provides that for a first offense of unprofessional conduct, the minimum recommended penalty is a fine of $50, a reprimand, probation, and continuing education. The maximum recommended penalty is a $150 fíne, a reprimand, and suspension followed by probation.[1] In order to deviate from these guidelines, rule 64B9-15.009(5)(a) provides in relevant part that “[i]f a formal hearing is held, any aggravating or mitigating factors must be submitted to the hearing officer at formal hearing. At the final hearing following a formal hearing, the Board will not hear additional aggravating or mitigating evidence.” If aggravating or mitigating factors are presented, they must be established by clear and convincing evidence. Id. Factors which may be considered for purposes of aggravation or mitigation of penalty are set forth in rule 64B9-15.009(5)(b). They include, but are not limited to:
1. The danger to the public.
2. Previous disciplinary action against the registrant in this or any other jurisdiction.
3. The length of time the registrant has practiced.
4. The actual damage, physical or otherwise, caused by the violation.
5. The deterrent effect of the penalty imposed.
6. Any efforts at rehabilitation.
7. Attempts by the registrant to correct or stop violations, or refusal by the registrant to correct or stop violations.
8. Cost of treatment.
9. Financial hardship.
10.Cost of disciplinary proceedings.

Id.

Here, the Department failed to offer evidence of any aggravating factors at the formal hearing. And the ALJ did not independently make any written findings of any aggravating circumstances which were proven by clear and convincing evidence. Even in the Department’s exception to the recommended penalty, the Department failed to enumerate any aggravating circumstances which it sought to prove against Georges. Consequently, the Board did not have any aggravating factors properly before it to justify deviating from the ALJ’s recommended penalty. The Board’s revocation of Georges’ license was not authorized pursuant to rule 64B9-15.009(5)(a), and it constituted a violation of Georges’ due process rights.
Similarly, the Board failed to follow the procedure outlined in section 456.072(4), Florida Statutes (2009), when it imposed costs of $15,703.17 against Georges. While section 456.072(4) permits the Board to impose “costs related to the investigation and prosecution of the case,” the Board is required to “determine the amount of costs to be assessed after its consideration of an affidavit of itemized *762 costs and any written objections thereto.” But in this case, $13,525.38 of the costs arose out of 120 hours of attorney time. The Department presented an affidavit from the operations and management consultant manager for the consumer services and compliance management unit to detail the various costs. Yet, there was no affidavit from an attorney presented to verify the amount of time spent on the case or the amount of the fees. Nor was there any corroborating affidavit from an outside attorney to verify the reasonableness of the time spent on the matter or the amount of the fees. An award of attorneys’ fees must be supported by competent, substantial evidence by the attorney performing the services and by an expert as to the value of those services. See Saussy v. Saussy, 560 So.2d 1385, 1386 (Fla. 2d DCA 1990); Seitlin & Co. v. Phoenix Ins. Co., 650 So.2d 624, 626-627 (Fla. 3d DCA 1994); Ashourian v. Ashourian, 519 So.2d 35, 36 (Fla. 1st DCA 1987); Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981). And because no attorney affidavits were presented, Georges was not provided with a meaningful opportunity to object to the imposition of at least that portion of the costs. Without such evidence, the Board did not have the evidence before it to justify imposing the attorneys’ fees portion of the costs. The Board’s failure to abide by the statutory requirements violated Georges’ due process rights.
The Department argues that Georges waived any right to challenge the penalty and the imposed costs in this case. But the Board improperly aggravated the penalty in violation of the law and the Board’s own rules. The Board also improperly imposed the attorneys’ fees portion of the costs against Georges without a sufficient evidentiary basis to do so. And “[a] denial of due process, if proven, constitutes fundamental error, which may be challenged for the first time on appeal.” Verizon Bus. Network Servs., Inc., ex rel. MCI Commc’ns, Inc. v. Dep’t of Corrections, 988 So.2d 1148, 1151 (Fla. 1st DCA 2008); see also Henderson v. Dep’t of Health, Bd. of Nursing, 954 So.2d 77, 81 n. 2 (Fla. 5th DCA 2007) (noting that “[mjatters not excepted to or raised properly before a licensing board may still be raised where an appellant can show ... fundamental error”).
Accordingly, the decision of the Board is reversed and this case is remanded for the imposition of a penalty which is in conformance with rule 64B9-15.009(3)(ii). Additionally, the imposition of the attorneys’ fees portion of the costs must be stricken.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., Concur.

. We note that the ALJ's recommended $250 fine exceeded the maximum recommended fine for a first offense as provided in rule 64B9 — 15.009(3)(ii). That discrepancy does not matter to our analysis, however, because the Board exceeded even that recommended penalty when it revoked Georges' license and imposed costs of $15,703.17.