PER CURIAM.
Christopher J. Carlisle (Appellant) appeals a final order of the Board of Medicine (Board) revoking his license to practice as a physician assistant and imposing costs. Concluding that the administrative proceedings afforded Appellant fair notice and a meaningful opportunity to be heard, we affirm the revocation of his license and the assessment of costs, including attorney’s fees.
We write only to explain our affirmance of the attorney’s fee award. Appellee, the Department of Health (Department), moved to assess the costs relating to the investigation and prosecution of Appellant pursuant to section 456.072(4), Florida Statutes (2010). In pertinent part, this provision states:
[T]he board ... shall assess costs related to the investigation and prosecution of the case. The costs related to the investigation and prosecution include, but are not limited to, ... costs related to the time spent by the attorney and other personnel working on the case, and any other expenses incurred by the department for the case. The board ... shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto.
The Department submitted an affidavit to the Board with an itemized costs list setting out the figure $5,157.92, of which $3,741.64 was for legal costs and attorney’s fees. The affiant was the Operations and Management Consultant Manager for the Department’s Consumer Services and Compliance Management Unit (Unit), where all complaints against Florida health care licensees are officially filed. Her job duties included reviewing data in the time tracking system and verifying that the amounts corresponded. The time tracking system is a computer program that records and tracks the Department’s costs of the investigation and prosecution. The affiant stated that the Department’s employees (including investigators and attorneys) who worked on a case daily would track their time in six-minute increments. A designated employee in the Unit’s legal department and in each area office would document, in the time tracking system, the time worked and expenses incurred. These times and expenses then would be charged to the Board. Each employee’s hourly rate was calculated by formulas established by the Department. The itemized list included activity hours, staff rates, costs, dates, and the type of work billed for the investigation and prosecution of Appellant’s case.
The motion to assess costs stated that if Appellant wished to file written objections to the assessment of costs, he should do so within ten days of the date of the motion, and specify the grounds for the objections and the specific elements of the costs to which he objected. § 456.072(4), Fla. Stat. (2010) (expressly recognizing the right to make “written objections” to costs, including attorney’s fees). Appellant made no objection, written or oral, to the assessment of attorney’s fees, to the amount of legal time expended, to the hourly rate, or to the manner in which the Department offered its documentation. For the first time on appeal, Appellant asserts that the Department failed to comply with the fee statute because it did not submit affidavits from attorneys to support its fee request. Relying on Georges v. Department of Health, 75 So.3d 759 (Fla. 2d DCA 2011), he argues that this lack of proper documentation constitutes fundamental error, which can be considered and corrected on appeal even in the absence of an objection below.
In Georges, the Board of Nursing imposed costs and permanently revoked *885 Georges’ license as a certified nursing assistant. Id. at 760. To support its request for statutory costs in Georges, the Department presented an affidavit, from the operations and management consultant manager for the Unit, setting out the various costs. Id. at 761-62. The Board of Nursing imposed these costs, including attorney’s fees. Id. at 760. Because no attorney presented an affidavit to document the amount of time expended on the case or the amount of the fees, and no outside attorney submitted a corroborating affidavit to verify the reasonableness of the time spent or the amount of fees requested, the Second District Court concluded that no competent substantial evidence supported the fee award. Id. at 762. Absent any attorney affidavits, the appellate court concluded that Georges was denied a meaningful opportunity to object to the imposition of at least the attorney’s fee portion of the costs, and that this constituted a violation of due process. Id.
The panel in Georges rejected the Department’s argument that Georges had waived the right to challenge the imposed costs for the first time on appeal. Reasoning that the Department imposed the fee portion of the costs against Georges without an adequate evidentiary basis, the appellate court addressed the merits of the issue under “fundamental error” analysis. Id. Having found a denial of due process, the court struck that portion of the Board of Nursing’s order imposing attorney’s fees. Id. The court also reversed the Board of Nursing’s decision to permanently revoke Georges’ license and remanded for the imposition of a permitted penalty. Id. at 760-62.
Matters of statutory meaning and interpretation are questions of law. W. Fla. Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 8 (Fla.2012). We have de novo review of legal issues. Id.
Section 456.072(4) specifies the procedure the Board was required to use to assess the costs relating to the investigation and prosecution of Appellant. Specifically, the statute provides that “[t]he board ... shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto.” In the instant case, the affiant attached a detailed, itemized list of the various costs allegedly incurred. The affidavit and attachments to the motion to assess costs (including attorney’s fees) apprised Appellant of the legal time expended, the staff rates, the nature of the work billed, and the amount requested for attorney’s fees. The Department notified Appellant that if he wished to object, he could do so in writing in a timely manner, specifying the grounds for objecting and the particular elements of the costs with which he disagreed. Appellant failed to avail himself of the right to object.
The right of procedural due process entails “fair notice and a real opportunity to be heard” in a meaningful time and manner. Crosby v. Florida Parole Comm’n, 975 So.2d 1222, 1228 (Fla. 1st DCA 2008); Henderson v. Dep’t of Health, Bd. of Nursing, 954 So.2d 77, 80 (Fla. 5th DCA 2007). The Department complied with the plain language in section 456.072(4), and Appellant was on notice of his right to object in writing to the assessment of costs. Finding no denial of fair notice or of a meaningful opportunity to be heard under these circumstances, we conclude that Appellant failed to preserve the issue of the imposition of attorney’s fees and has not suffered a denial of due process constituting fundamental error. See Jaimes v. State, 51 So.3d 445, 448 & n. 2 (Fla.2010) (noting the doctrine of fundamental error rarely applies, and only “where a jurisdictional error appears or *886 where the interests of justice present a compelling demand for its application”); Bell v. Renar Dev. Co., 811 So.2d 780, 781 (Fla. 4th DCA 2002); Maulden v. Corbin, 537 So.2d 1085, 1088 (Fla. 1st DCA 1989); Ins. Co. of N. Am. v. Julien P. Benjamin Equip. Co., 481 So.2d 511, 514 (Fla. 1st DCA 1985); cf. Seitlin & Co. v. Phoenix Ins. Co., 650 So.2d 624, 626-27 (Fla. 3d DCA 1994) (complainant against whom attorney’s fees were sought made a specific, timely objection to the movant’s failure to call a fee expert to testify).
We affirm the final order. Because the Second District Court in Georges found fundamental error under similar circumstances, 75 So.3d at 762, we respectfully disagree and certify direct conflict with Georges. Fla. R. App. P. 9.030(a)(2)(A)(vi).
AFFIRMED.
VAN NORTWICK, CLARK, and RAY, JJ., concur.