DAMOORGIAN, J.
Dr. Ricardo Sabates appeals a final administrative order entered by the Florida Board of Medicine (the “Board”). We affirm in part and reverse in part.
This case originated as an administrative disciplinary action brought by the Florida Department of Health (the “Department”) against Dr. Sabates. Dr. Sa-bates denied the charges and requested a formal hearing before an Administrative Law Judge (“ALJ”). The Department forwarded the case to the Department of Administrative Hearings (“DOAH”) for assignment to an ALJ.
ALJ Patricia Hart presided over the formal hearing where the parties presented testimony from a number of witnesses and introduced numerous exhibits. Several months after the hearing, DOAH issued its recommended order. The recommended order, however, was not issued by ALJ Hart, but was issued by another ALJ. It explained the switch in ALJs as follows:
Patricia M. Hart, Administrative Law Judge of the Division of Administrative Hearings, conducted the final hearing by videoconference in Tallahassee, Florida, on December 21-22, 2010. The other videoconference site was in West Palm Beach, Florida. On June 14, 2011, due to the imminent retirement of Judge Hart, the case was transferred to Administrative Law Judge Robert E. Mea-le, who prepared the Recommended Order, pursuant to section 120.57(l)(a), Florida Statutes.
Following the issuance of ALJ Meale’s recommended order, the Department moved for an order assessing costs and fees against Dr. Sabates for the investigation and prosecution of the case in accordance with section 456.072(4), Florida Statutes (2011). In support of its motion for fees, the Department submitted an affidavit of the Operations and Management Consultant Manager for the Consumer Services and Compliance Management Unit for the Department. The affidavit attached timekeeping records and encompassed the attorneys’ fees claimed by the Department.
Dr. Sabates filed timely exceptions to the recommended order with the Board, primarily arguing that it was invalid because ALJ Meale did not preside over the hearing. He also opposed the Department’s motion for fees, in part disputing the total amount of costs for the legal fees and the accuracy of the documents attached to the Department’s affidavit. The Board rejected Dr. Sabates’s exceptions and entered a final order in which it adopted all of ALJ Meale’s findings of fact and conclusions of law, and granted the Department’s motion for fees in the full amount requested. This appeal follows.
Dr. Sabates raises two issues on appeal: 1) whether his due process rights were violated when ALJ Meale issued his recommended order without holding a de novo hearing, and 2) whether the Board’s award of attorneys’ fees was improper in light of the fact that the Department did not submit supporting attorneys’ affidavits.
In the administrative context, it is well established that the “extent of ... due process afforded to a party ... is not as great as that afforded to a party in a *1229 full judicial hearing,” and thus due process does not require the formalities requisite in judicial proceedings. Carillon Cmty. Residential v. Seminole Cnty., 45 So.3d 7, 10 (Fla. 5th DCA 2010). See Hadley v. Dep’t of Admin., 411 So.2d 184, 187 (Fla.1982). Rather, the requirements of due process in the administrative context are set forth in Chapter 120, Florida’s Administrative Procedure Act. See Wilson v. Pest Control Comm’n of Fla., 199 So.2d 777, 780 (Fla. 4th DCA 1967) (“The Administrative Procedure Act is intended to afford due process to parties whose legal rights, duties, privileges or immunities may be determined by administrative action on agency level.”). Accordingly, Florida courts have consistently held that due process is afforded, even in the professional discipline/licensing context, when the agency comports with the requirements of Chapter 120. See Tauber v. State Bd. of Osteopathic Med. Examiners, 362 So.2d 90, 92 (Fla. 4th DCA 1978) (doctor’s due process rights were not violated because doctor was given sufficient notice of hearing and had the opportunity to present evidence and argument and examine witnesses at a hearing before his license to practice medicine was suspended); Schimenti v. Sch. Bd. of Hernando Cnty., 73 So.3d 831, 833-34 (Fla. 5th DCA 2011) (no due process violation in disciplinary action resulting in termination of teacher when the board followed the notice requirements set forth in chapter 120); Henderson v. Dep’t of Health Bd. of Nursing, 954 So.2d 77, 80-81 (Fla. 5th DCA 2007) (no due process violation in licensing discipline action against nurse when the board followed the notice and hearing procedures set forth in chapter 120).
Section 120.57(l)(a), Florida Statutes (2010), provides that:
[A]n administrative law judge assigned by the division shall conduct all hearings under this subsection, except for hearings before agency heads or a member thereof. If the administrative law judge assigned to a hearing becomes unavailable, the division shall assign another administrative law judge who shall use any existing record and receive any additional evidence or argument, if any, which the new administrative law judge finds necessary.
§ 120.57(l)(a), Fla. Stat. (2010).
Based on its plain language, section 120.57(l)(a) anticipates that a different ALJ than the one who presided over the hearing may make findings of fact and issue a recommended order based on only the existing record. § 120.57(l)(a), Fla. Stat. (2010). Both the First and Second Districts have affirmed this concept. Univ. Cmty. Hosp. v. Dep’t. of Health & Rehabilitative Servs., 555 So.2d 922, 923-24 (Fla. 1st DCA 1990); Collier Dev. Corp. v. State of Fla., Dep’t of Envtl. Prot., 685 So.2d 1328, 1329 (Fla. 2d DCA 1996) (emphasizing that the plain language of section 120.57 “allows the substitute hearing officer the discretion to conduct a new hearing or decide the case from the record.”).
In support of his position to the contrary, Dr. Sabates cites to this Court’s decision in Rathmann v. Pacesetter Industries, Inc., 452 So.2d 1091, 1091 (Fla. 4th DCA 1984). There, we reversed a final administrative order adopting a recommended order issued by a different hearing officer than the one who presided over the hearing. Id. We reject the application of our decision in Rathmann to this case because Rathmann did not address' the application of the substitute hearing officer provision contained in section 120.57.[1]
*1230 Accordingly, because the ALJ Meale’s recommended order was in accordance with the provisions of Chapter 120, we hold that Dr. Sabates’s due process rights were not violated when the Board accepted ALJ Meale’s findings of fact and conclusions of law.
Dr. Sabates also asserts that the Board should not have awarded the Department its attorneys’ fees because the Department did not present sufficient evidence to support the award when it did not submit any attorney affidavits. We agree.
Section 456.072(4), Florida Statutes (2011), permits the Board to impose “costs related to the investigation and prosecution of the case” only after it considers “an affidavit of itemized costs and any written objections thereto.” § 456.072(4). Although the Department submitted an affidavit from its Operations and Management Consultant Manager for the Consumer Services and Compliance Management Unit, an award of attorneys’ fees under section 456.072(4) “must be supported by competent, substantial evidence by the attorney performing the services and by an expert as to the value of those services.” Georges v. Dept of Health,[2] 75 So.3d 759, 762 (Fla. 2d DCA 2011) (citing Seitlin Co. v. Phoenix Ins. Co., 650 So.2d 624, 626-627 (Fla. 3d DCA 1994); Ashourian v. Ashourian, 519 So.2d 35, 36 (Fla. 1st DCA 1987); and Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981)). Because the Department did not submit any such evidence even after Dr. Sabates objected to the sufficiency of its affidavit, the Board did not have the evidence before it to justify imposing the attorneys’ fees portion of the costs.
Based on the foregoing, we reverse the portion of the Board’s Final Order awarding the Department its attorneys’ fees and affirm in all other respects.

Affirmed, in Part and Reversed in Part.

TAYLOR and LEVINE, JJ., concur.

. At the time Rathmann was decided, the language now contained in section *1230 120.57(l)(a) regarding a substitute ALJ was codified at section 120.57(l)(b)(10). The language contained in 120.57(l)(a) is identical to the language contained in the former section 120.57(l)(b)(10) except that ALJs were then referred to as “hearing officers.” Chapter 120 has contained a substitute ALJ provision from its inception.

. We recognize that the First District has certified conflict with Georges. Carlisle v. Dep’t of Health, 101 So.3d 883 (Fla. 1st DCA 2012). However, the conflict concerns the Second District's classification of the Department’s failure to submit supporting attorneys’ fees affidavits as fundamental error. Id. Because Dr. Sabates timely submitted written objections to the Department’s claim for attorneys’ fees, Carlisle is not applicable and we decline to comment further on the district conflict.